UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-Cr-GRAHAM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

HANNIBAL PENNEY,

    Defendant,
_____/

### MOTION TO EXTEND DEADLINE FOR FILING PRE-TRIAL MOTIONS

    Defendant, **HANNIBAL PENNEY**, moves this Court to enter an Order extending the deadline for filing pre-trial motions in this case until February 21, 2001, and in support of this request states the following:

    1. At the status conference for this case on November 16, 2000, this Court set January 21, 2001, as the deadline for filing pre-trial motions in this case. In addition, this Court set February 21, 2001, as the date by which **PENNEY** had to announce whether he intended to plea guilty or go to trial. These dates were set before the undersigned had a chance **just** to look at the discovery for this case.

    2. Since the status conference, the undersigned has had a chance to look at and **examine some** of the discovery for this case. The discovery fills numerous file cabinets that line three walls of a good-sized room. In addition,



many boxes containing even more discovery are stacked on these file cabinets. At the status conference, the government told this Court and the defense that its discovery filled ninety-six (96) boxes and ninety-six (96) file cabinets. These numbers seem accurate.

3. The undersigned now understands why it took the government over four (4) years to review the discovery, prepare its case and obtain an indictment. The government seized what comprises the bulk of the discovery on July 17, 1996, when it executed a search warrant at the business, Best Marketing, Inc., whose activities underlie the charges lodged in this case. While reviewing the discovery is clearly a time-consuming task, nonetheless it is necessary to undertake in order to understand the subject matter of this litigation.

4. **PENNEY** is represented by a sole practitioner. **PENNEY** is a man of limited means. He cannot afford to hire another attorney or a paralegal to assist his attorney in reviewing the discovery. Thus, no one other than the undersigned will be conducting **PENNEY'S** review of the discovery for this case. In addition, the undersigned has other cases, both in the federal and state court systems and on the trial and the appellate levels, to which he must attend. As a result of these factors, the undersigned's review of the discovery cannot be completed by January 16,

2001, despite the undersigned's best intentions to do so. These efforts have included spending numerous hours within the room containing the discovery reviewing the files of Best Market, Inc., and documents relating to the sales that underlie the charges in the case, listening to tape-recordings that were made of these transactions and examining other items germane to the case. In this regard, this Court must bear in mind that the undersigned possesses privileged information neither it nor the government has and this information provides the undersigned a perspective on the discovery process no one else can have.

5. Simply stated, the undersigned finds himself unable to meet the presently scheduled deadline for filing pre-trial motions of January 16, 2001. He asks that this deadline be extended until February 21, 2001, the date by which **PENNEY** must decide whether to resolve his case by a plea or to announce his decision to exercise his Sixth Amendment right to a trial for two reasons. First, the undersigned believes that more time in the discovery room during this additional thirty-six (36) day period may give him enough of an opportunity to intelligently decide what pre-trial motions need to be filed. Second, this extension will help the government inasmuch as it may never have to respond to any pre-trial motions if **PENNEY** opts to enter a plea.

6. Prior to filing this motion, the undersigned discussed this matter to Ana Martinez, Esquire, the Assistant United States Attorney for the Southern District of Florida who is handling the prosecution of this case. The undersigned advised Ms. Martinez that he would be seeking this extension and the reasons for this request. Ms. Martinez authorized the undersigned to advise this Court that she, on behalf of the government, has no objection to the granting of the extension request herein.

Respectfully submitted,

_____
JOEL KAPLAN, ESQUIRE
ATTORNEY FOR DEFENDANT
100 N. BISCAYNE BLVD.,
SUITE 1100
MIAMI, FLORIDA 33132
TEL. NO. (305) 374-2111
FL. BAR NO. 219371

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Ana Martinez, Esquire, Assistant United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132, this 11th day of January, 2001.

_____
Joel Kaplan, Esq.