UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 00-06270-CR-GRAHAM

UNITED STATES OF AMERICA

        Plaintiff,

vs.

ROBY DUDLEY and
HANNIBAL PENNY,

        Defendant.
_____/



## SCHEDULING ORDER

**THIS CAUSE** came before the Court upon the scheduling conference held on March 9, 2001. At the conference, the parties jointly requested that the court extend the trial date in this action. The Court found that the ends of justice will be served by the setting of said trial as set forth below and that an extension outweighs the best interest of the public and the defendant in a speedy trial. Therefore, it is

**ORDERED AND ADJUDGED** that trial in this cause is set for the two week period commencing <u>July 2, 2001</u>, in the James Lawrence King Federal Justice Building, Eleventh Floor, Courtroom 1, 99 N. E. 4th Street, Miami, Florida. Calendar call will be held at 3:00 p.m. on <u>Wednesday, June 27, 2001</u>. All counsel **must** be present at the calendar call.

    It shall be the duty of the attorneys herein to ensure that no other judge schedules them for a trial that impacts upon or conflicts with the dates set forth above.

If any counsel receives a written notice of trial from another judge, in either state or federal court, that in any way conflicts with this trial's scheduled setting, it is the obligation of that attorney to notify the judge immediately so that the judge may reschedule his or her calendar thus leaving counsel conflict free for this case.

**PLEASE NOTE: Qualification for Acceptance of Responsibility is jeopardized if an intention to enter a plea of guilty is not announced on or before April 1, 2001.**

*see United States Sentencing Commission Guidelines Manual, §3E1.1 application notes 1(h) and 6 ("[to] qualify under subsection (b)(2) the defendant must have notified authorities of his intention to enter a plea of guilty at a sufficiently early point in the process so that the government may avoid preparing for trial and the court may schedule its calendar efficiently.").*

The trial setting in this case is firm. It is further

**ORDERED AND ADJUDGED** as follows:

1. All responses to the Standing Discovery Order and/or Local Rule 88.10 shall be provided timely. Non-compliance may result in sanctions. Supplemental discovery responses provided "out-of-time" will include a statement in the first paragraph of the response explaining why criminal discovery was not complied with in a timely fashion. Fed. R. Evid. 404(b) notices <u>shall</u> include a specific factual basis for the evidence sought to be introduced.

2. All local requests for Writs Ad Testificandum <u>must</u> be filed not later than fourteen days prior to the first day of the scheduled trial period to ensure adequate time for processing. Writs for persons out of the district should be filed twenty days prior to the trial date.

3. If the case is a jury trial, counsel shall prepare and submit to the Court any proposed Voir Dire questions necessary to elicit information concerning prospective jurors other than identity and general background information at the Calendar Call. In addition, counsel shall submit to the Court proposed jury instructions in typed form including substantive charges and defenses at the Calendar Call. Eleventh Circuit Pattern Instructions, 1997 Edition, may be referred to by listing the instruction number and page number.

4. Counsel shall submit to the Court a typed list of proposed witnesses and/or exhibits to be presented at trial at the Calendar Call. All exhibits offered into evidence must be pre-labeled in accordance with the proposed exhibit list. Exhibit labels shall include the case number. Labels may be obtained from the Clerk of the Court.

5. Counsel shall also submit to the Court in writing Motions in Limine regarding trial issues at the Calendar Call.

6. Counsel are instructed that arrangements for appropriate clothing for Defendants in custody must be made at least seven (7) days prior to the scheduled trial date.

7. Counsel are further instructed to notify the Court if an interpreter is required at least 48 hours prior to any hearings or trial.

8. Any attorney seeking exoneration of a cash bond shall obtain a copy of this Court's Motion for Disbursement of Bond from the Courtroom Deputy.

9. If either party seeks to introduce transcript(s) at trial, the moving party shall present a copy of the transcript to all counsel not less than ten (10) days prior to the scheduled trial date. If a transcript cannot be agreed upon, each party shall produce their own version of the transcript for presentation to the trier of fact. Government counsel shall notify the case agent/client agency of this requirement.

10. Counsel are encouraged to reduce all stipulations to writing prior to trial.

11. The parties must comply with Local Rule 88.10 (P) which requires the filing of a written statement describing all discovery material exchanged.

12. The Court finds that the period of delay from March 9, 2001 to July 2, 2001, and any other trial date set hereafter excludable in calculating the period within which trial must commence in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. Section 3161, et. seq.

**DONE AND ORDERED** in chambers, at Miami, Florida, this 13th day of March, 2001.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

Copied: Annie Martinez, AUSA
        Joel Kaplan, Esq.
        Patrick Hunt,