UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-Cr-GRAHAM

UNITED STATES OF AMERICA

    Plaintiff,

v.

HANNIBAL PENNEY,

    Defendant,
_____/

### RENEWED MOTION TO WITHDRAW

Counsel for Defendant **HANNIBAL PENNEY** renews the motion to withdraw he filed on May 10, 2001, which this Court denied without prejudice on May 18, 2001, for the following reasons:

1. In response to the undersigned's motion to withdraw, defendant **PENNEY** faxed to this Court a ten (10) page response. This response accused the undersigned of numerous acts off unethical and illegal conduct. This Court declined to consider this response, believing its contents were covered by the "attorney/client privilege." Under Florida law, they are not. See: Florida Statutes, §90.502(4)(c)("There is no lawyer-client privilege under this section when...[a] communication is relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer, arising from the lawyer-client

relationship."). See also: Rules Regulating The Florida Bar, Rule 4-1.6(c)(4)("A lawyer may reveal [confidential] information to the extent the lawyer reasonably believes necessary...to respond to allegations in any proceeding concerning the lawyer's representation of the client..."). Moreover, under the case law setting forth when the privilege exists, defendant **PENNEY** does not enjoy it as to the document in question.

> ...(1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member or a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (I) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client. In re Grand Jury Proceeding 88-9 (MIA), Newton, 899 F. 2d 1039, 1042 (11th Cir. 1990)(emphasis added).

The defendant's response was not intended to be confidential and thus it is not covered by the attorney/client privilege. See: United States v. Noriega, 917 F. 2d 1543, 1551 (11th Cir. 1990)("A communication between an attorney and his client will be protected if it is: "(1) intended to remain confidential and (2) under the circumstances was reasonably expected and understood to be confidential. (emphasis in original). The fact defendant-**PENNEY** sent a copy of his

CASE NO. 00-6270-Cr-GRAHAM

response to Assistant United States Attorney Ana Martinez, who is handling the prosecution of this case, further demonstrates that defendant-**PENNEY** never intended its contents to be confidential (between the undersigned and him) and further defeats any claim of attorney/client privilege. Under this test, the defendant's "response" is not an attorney/client privileged communication in any way, shape or form. Therefore, undersigned counsel asks this Court to enter an Order directing that defendant-**PENNEY'S** response be filed and thereafter considered in connection with this renewed motion to withdraw.

2. In his response, defendant-**PENNEY** repeatedly accused the undersigned of lying to this Court in the original motion to withdraw and to defendant-**PENNEY**. In addition, **PENNEY** has accused the undersigned of performing negligently in preparing defendant-**PENNEY'S** defense. And, defendant-**PENNEY** has accused the undersigned of repeatedly acting unethically in his treatment and representation of defendant-**PENNEY**.

3. These are serious allegations which need to be investigated and resolved. The resolution of these allegations must take precedence over all else, including adhering to the presently scheduled trial date of July 2, 2001. This Court refusal to do so, and to plow ahead with this case as scheduled with the undersigned representing

3

defendant-**PENNEY** under the cloud of defendant-**PENNEY'S** serious accusations of unethical conduct, is a recipe for trying this case twice. Therefore, undersigned counsel moves this Court to enter an Order permitting him to file defendant-**PENNEY'S** response which he faxed to Clara Foster, this Court's courtroom deputy on May 18, 2001, and thereafter to consider it in connection with the undersigned's renewed motion to withdraw.

Respectfully submitted,

_____
JOEL KAPLAN, ESQUIRE
Attorney for Defendant
1100 - NEW WORLD TOWER
100 N. Biscayne Blvd.
Miami, Florida 33132
Phone: (305) 374-2111
Florida Bar No. 219371

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been mailed to Ana Martinez, Esquire, Assistant United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132 and has been telefaxed via telefax No. (818) 558-3353 and mailed to Hannibal Penney, 3417 N. Fernando Boulevard, Burbank, CN. 97504, this ___ day of May, 2001.

_____
JOEL KAPLAN, ESQUIRE

4