

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 00-6270-CR-GRAHAM

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

HANNIBAL PENNY,

      Defendant.

_____/

## ORDER

This multi-defendant case was set for trial on March 9, 2001 in accordance with the agreement of all parties. A status conference was held on November 16, 2000, six months prior to the actual trial setting so that voluminous discovery could be produced in a timely fashion. The importance of early scheduling and case coordinated trial dates in multi-defendant cases is obvious in this very busy trial District.

On May 10, 2001, six months after the initial status conference, defendant's attorney, Joel Kaplan, Esq., filed a Motion to Withdraw with various allegations, the most prominent being failure of the defendant to pay his attorney for legal services in accordance with a previously signed retainer agreement. Pursuant to the motion, the Court scheduled a hearing conducted on May 18, 2001. The Court reminded defense counsel and defendant of the agreed upon July 2, 2001 trial date, the significant problems created in scheduling multi-defendant cases, the Local Rules



prohibition on withdrawal of attorneys based upon fee disputes[1], and the importance of the attorney/client privilege.

The Court also acknowledged receipt of a letter moments before the hearing from the defendant which was purportedly a response to defense counsel's motion to withdraw. The Court advised that it would not review the pleading until the defendant discussed the issues with his attorney. The Court also advised that some of the issues raised in the response <u>could possibly be</u> protected by the attorney/client privilege and these issues should be discussed prior to filing same in the court file. At the time of the hearing, this Court was unaware defendant Penny had previously sent a copy of the pleading to the assigned AUSA.

Moreover, this Court determined it was inappropriate to consider said response of defendant because the Local Rules prohibit parties from sending communications directly to the Court[2] as the defendant did in this case.

Accordingly, the Court refused to consider or review defendant's pleading until he consulted with counsel.

On May 23, 2001, defendant's counsel filed a Renewed Motion to Withdraw. This Court clearly directed defense counsel to consult with defendant, advise him of the attorney/client privilege and attempt to resolve any attorney/client issues be they legal or related to personal problems, perceptions, etc. This, of course,

---

[1]See Local Rule 88.7

[2]See Local Rule 7.7

would not be the first time this Court has requested a defendant and his counsel to discuss openly and directly any problems in an attempt to resolve representation issues without Court intervention. On most occasions, such a directive results in an amicable resolution.

Defense counsel's Renewed Motion to Withdraw misstates and misapprehends the issues. Moreover, the Court does not accept defense counsel's admonishment that the "refusal to continue the trial and plow ahead under the cloud of defendant Penny's serious accusations of unethical conduct is a recipe for trying this case twice."

Defense counsel makes no reference to the local rules which prohibit withdrawal based on fee disagreements which is the genesis and basis for the initial motion to withdraw and continues to loom in the forefront. Defense counsel's statement at the hearing that the fee dispute no longer provides a basis for his request for relief was done in such cursory fashion as to cause this Court to believe it remains a primary basis for the motion.

Secondly, defense counsel's Renewed Motion to Withdraw makes no reference to an attempt by defense counsel to discuss the matters raised by the defendant in an attempt to reconcile any differences as clearly directed by the Court. Moreover, the response fails to state whether the defendant is desirous of retaining new counsel as suggested by the Court during the May 18, 2001 hearing.

Accordingly, defendant's Renewed Motion to Withdraw is denied without prejudice. All of the issues raised by the Court on May 18, 2001 shall be addressed in any future pleadings and filed under seal. If such a motion is filed, the Court will consider the issues and rule as deemed appropriate. However, as previously discussed at the May 18, 2001 hearing, this matter will proceed as scheduled.

**DONE AND ORDERED** in Miami-Dade County, Florida this 31st day of May, 2001.

DONALD L. GRAHAM
United States District Court