UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-Cr-GRAHAM

UNITED STATES OF AMERICA

    Plaintiff,

v.

HANNIBAL PENNEY,

    Defendant,
_____/

## MOTION TO VACATE ORDER OF MAY 31, 2001/MOTION FOR COURT TO CONSIDER "SUPPLEMENT TO RENEWED MOTION TO WITHDRAW"

Counsel for Defendant-**PENNEY** moves this Court to vacate its Order of May 31, 2001, and thereafter to consider the "Supplement to Renewed Motion to Withdraw" filed May 31, 2001, and in support of this request states the following:

1. This Court's Order of May 31, 2001, appears to have been entered before this Court received and/or reviewed the "Supplement to Renewed Motion to Withdraw" the undersigned filed on May 31, 2001. This pleading sets forth the undersigned's efforts to comply with this Court's decision to require the undersigned to continue to represent the defendant. More importantly, it describes the negative response these efforts have met.

2. The reasons for this negative response appear in the "Response to Defense Counsel Joel Kaplan's Renewed and Supplement to Renewed Motion to Withdraw" the defendant filed with this Court and the government on or about June 2,

2001. Accordingly, it is not exempt from disclosure as it is not an attorney-client communication. See: Florida Statutes, §90.502(4)(c)("There is no lawyer-client privilege under this section when...[a] communication is relevant to an issue of breach of duty by the lawyer to the client or by the client to the lawyer, arising from the lawyer-client relationship."); Rules Regulating The Florida Bar, Rule 4-1.6(c)(4)("A lawyer may reveal [confidential] information to the extent the lawyer reasonably believes necessary...to respond to allegations in any proceeding concerning the lawyer's representation of the client..."); See: United States v. Noriega, 917 F. 2d 1543, 1551 (11th Cir. 1990)("A communication between an attorney and his client will be protected if it is: "(1) intended to remain confidential and (2) under the circumstances was reasonably expected and understood to be confidential. (emphasis in original). Its tenor parallels that of the defendant's other written submissions, especially the one this Court declined to consider as "attorney/client privileged" at the May 18, 2001 hearing, except to the extent it contains more allegations of misconduct against the undersigned. The undersigned asks this Court to consider it when it ultimately decides the question whether the irreconcilable differences between the defendant and the undersigned require the undersigned's request to withdraw be granted.

2

CASE NO. 00-6270-Cr-GRAHAM

Respectfully submitted,

*[signature]*

JOEL KAPLAN, ESQUIRE
Attorney for Defendant
1100 - NEW WORLD TOWER
100 N. Biscayne Blvd.
Miami, Florida 33132
Phone: (305) 374-2111
Florida Bar No. 219371

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been mailed to Ana Martinez, Esquire, Assistant United States Attorney, 99 N.E. 4th Street, Miami, Florida 33132 and to Hannibal Penney, 3417 N. Fernando Boulevard, Burbank, CN. 97504, this 5th day of June, 2001.

*[signature]*

JOEL KAPLAN, ESQUIRE

3