UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-Cr-GRAHAM

UNITED STATES OF AMERICA

    Plaintiff,

v.

HANNIBAL PENNEY,

    Defendant,
_____/



FILED by _____ D.C.

JUN 05 2001

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

### RESPONSE TO DEFENSE COUNSEL ATTORNEY JOEL KAPLAN'S RENEWED AND SUPPLEMENT TO RENEWED MOTION TO WITHDRAW

    Defendant HANNIBAL PENNEY respectfully responds to the Renewed Motion to Withdraw filed on May 23, 2001 by his permanent attorney of record ATTORNEY JOEL KAPLAN, ESQUIRE, and to the Supplement to Renewed Motion to Withdraw filed by ATTORNEY JOEL KAPLAN, ESQUIRE on or about May 31, 2001. Defendant PENNEY begs the Court's indulgence as he fully respects the Court's explicit order during the hearing on May 18, 2001 on the original Motion to Withdraw that there ought be no further motions brought before the Court on this matter. Defendant PENNEY'S wish to obey same prompted him to refrain from submitting a response to ATTORNEY JOEL KAPLAN'S Renewed Motion to Withdraw. However, the undersigned is a layperson, compelled to represent himself in this matter as it is his permanent attorney of record who brings the cause

CASE NO. 00-6270-Cr-GRAHAM

against him, and the undersigned is now increasingly unsure — in light of ATTORNEY JOEL KAPLAN'S Renewed and Supplement to Renewed Motion(s) to Withdraw — whether the latter motions are new motions, or if ATTORNEY KAPLAN has found a legal loophole allowing him to submit ad infinitum under the original Motion to Withdraw. Thus, the undersigned cannot allow the contents of these motions to go unchallenged. As ATTORNEY JOEL KAPLAN'S repeated motions to withdraw contain extremely injurious accusations against defendant PENNEY rendered to the very Court before which the undersigned presently will be tried, the undersigned is compelled to issue this response, and in support of his position, provide the accompanying document and state the following:

1. Since the hearing on May 18, 2001 on ATTORNEY JOEL KAPLAN'S original Motion to Withdraw, ATTORNEY JOEL KAPLAN — despite the undersigned's repeated requests that defense counsel reconsider — has adamantly refused to communicate verbally with defendant PENNEY in any way. Further, he has refused to meet with defendant PENNEY in person at any time, and has demanded that the undersigned communicate with him solely in writing, regardless as to the sensitive nature of the information exchanged, replying in his faxed response of May 24, 2001 to defendant PENNEY's request of May 23, 2001 that the parties work things out as the Court ordered: **"All communication between [ATTORNEY KAPLAN and defendant PENNEY]**

2

hereafter must be **in writing**", stating in bold: **"I am only amenable to communicate with you in writing"**. Such course of conduct, limited by ATTORNEY JOEL KAPLAN solely to written communication between himself and his client, would seem grossly inadequate and ill-advised.

    2.    Further, ATTORNEY JOEL KAPLAN repeatedly asserts in his Supplement to Renewed Motion to Withdraw that the undersigned "failed to [provide him with various documents] without explanation", when in fact, defendant PENNEY wrote to ATTORNEY KAPLAN, giving clear reason for his reluctance to place into written form certain documents containing privileged information; that reason being that defendant PENNEY, as of ATTORNEY KAPLAN'S Renewed Motion to Withdraw and Supplement to Renewed Motion to Withdraw, and as of ATTORNEY KAPLAN'S written refusals to speak with the undersigned or to meet with the undersigned in person at any point "hereafter" — apparently to include all pre-trial and the trial itself — cannot have confidence, in the face of ATTORNEY KAPLAN'S overt hostility and harmful allegations, that ATTORNEY KAPLAN will remain defendant PENNEY's counsel of record until such time as the Court rules on ATTORNEY KAPLAN'S repeated motions to withdraw. Further, as ATTORNEY KAPLAN has moved in his Renewed Motion to Withdraw for a delay of the trial itself in favor of an investigation of a pay dispute between himself and his client, the undersigned

deems it only prudent and respectful to await the Court's ruling on ATTORNEY KAPLAN'S motions to withdraw before placing in writing not only the documents Attorney Kaplan chose to mention in his supplement, but other privileged information ATTORNEY KAPLAN has demanded be placed in writing in lieu of any verbal or in-person communication between the undersigned and his counsel whatsoever. Also, the undersigned has insufficient counsel as to what legal jeopardy written documentation such as ATTORNEY KAPLAN has demanded might incur, as much of it involves other individuals. Moreover, the undersigned finds it curious that, though he has long beseeched ATTORNEY KAPLAN to provide means to obtain government assistance for such matters as subpoenaing and transporting defense witnesses, ATTORNEY KAPLAN has waited until a month before trial, when ATTORNEY KAPLAN wishes an investigation of his pay dispute with the undersigned, to ask for any financial statement from his client, ostensibly to seek government assistance he has known his client has needed for months.

    3.   As documentation, a condensed copy of defendant PENNEY'S monthly statement is attached to evidence the fact that, contrary to what ATTORNEY KAPLAN swore to in his original Motion to Withdraw, filed with the Court on May 10, 2001, defendant PENNEY not only made himself available to meet with ATTORNEY KAPLAN in Florida, but scheduled an

appointment with same, then purchased airline tickets on April 26, 2001 for the purpose of meeting with his counsel on May 11, 2001, only to be forced to get his tickets and other travel arrangements refunded when ATTORNEY KAPLAN, the very next day, refused to meet with his client as previously agreed and angrily demanded the undersigned cancel his trip.

  4. To be clear — no one is more anxious to get on with mounting defendant PENNEY'S defense than defendant PENNEY himself. And as the undersigned now understands, much of the information requested in the documents ATTORNEY KAPLAN faxed him only this week might have been obtained by more diligent counsel months, and under the circumstances of this case, years ago. Defendant PENNEY is deeply concerned that such important matters of his defense have been delayed and neglected.

  5. Further, ATTORNEY KAPLAN'S Renewed Motion to Withdraw moved that defendant PENNEY'S response to ATTORNEY KAPLAN'S Motion to Withdraw be submitted into the record, though, as ATTORNEY KAPLAN is well aware, said response was already filed with The U.S. District Court Clerk's Office and simultaneously mailed to ATTORNEY KAPLAN — subsequent to it having been faxed to him prior to the hearing — and mailed to prosecutor Ana Martinez in this case, by defendant PENNEY himself on May 18, 2001, immediately pursuant to the original hearing on the matter on that date in Your Honor's

CASE NO. 00-6270-Cr-GRAHAM

Court as Your Honor kindly informed the undersigned from the Court's Bench it was the undersigned's right to do.

6.  Defendant PENNEY wishes to place on the record his objection to the concomitant damage which may already have been caused to defendant PENNEY's case by ATTORNEY KAPLAN's repeated motions to withdraw and the wholly unsubstantiated negative assertions contained therein brought before this Court in respect to defendant PENNEY just a month in advance of defendant PENNEY'S trial by same. More damaging still is the wealth of precious pre-trial time that defense counsel has so recklessly squandered in such pursuit while defendant PENNEY'S case has gone untended.

7.  Defendant PENNEY respectfully asks that the Court, in determining whether or not to indulge ATTORNEY KAPLAN'S Renewed and Supplement to Renewed Motion(s) to withdraw, consider the fact that ATTORNEY KAPLAN was already given by this Court opportunity to put forth his case on the motion during the original hearing on the matter on May 18, 2001; and that, as it was ATTORNEY KAPLAN who brought the motion before the Court, ATTORNEY KAPLAN'S views might most appropriately have been presented at that time, particularly considering the fact that ATTORNEY KAPLAN had far more time in which to prepare his presentation to the Court than did his client, who was given less than twenty-four hours notice that such a motion had been filed against his interests and

CASE NO. 00-6270-Cr-GRAHAM

that the May 18th hearing would take place.

8. In his Renewed Motion to Withdraw, ATTORNEY KAPLAN asserts that "defendant PENNEY repeatedly accused [ATTORNEY KAPLAN] of lying to this Court in the original Motion to Withdraw". Defendant PENNEY hereby points out that nowhere in his response did he make any such statement. In fact, nowhere in the undersigned's response can the word lying, or any declension of it, be found. Instead, it was in the face of ATTORNEY KAPLAN'S prejudicial accusations against defendant PENNEY, including one that contained an article of the U.S. Code of which defendant PENNEY had absolutely no knowledge, that defendant PENNEY, bereft of benefit of counsel because it was his counsel who brought the motion, was forced to attempt to defend with the facts as he knew them; facts that, if, as presented in defendant PENNEY'S response, in any way controverted ATTORNEY KAPLAN'S claims, then that, as defendant PENNEY understands, is the very nature of litigation itself and the normal course of events in any Court in this land, though probably more rarely in the context of a Motion to Withdraw and a Renewed Motion to Withdraw and a Supplement to a Renewed Motion to Withdraw filed by a lawyer in a Federal Court against his own client mere weeks before trial.

9. Additionally, ATTORNEY KAPLAN'S Supplement to Renewed Motion to Withdraw claims, "defendant Penney has

7

CASE NO. 00-6270-Cr-GRAHAM

opted to direct a barrage of insults toward the undersigned . . . Under these circumstances, which defendant PENNEY alone is responsible for creating, the undersigned should be permitted to withdraw." The undersigned herein attests that no invectives have been spoken or written to ATTORNEY KAPLAN by the undersigned, though ATTORNEY KAPLAN would be hard-pressed to say the same, as he has cast written aspersions on the undersigned's religious beliefs and manhood; and it is not the undersigned who has stifled communication, misrepresented fact, dragged his feet as to discovery, attempted to circumvent the Court's order against further motions in this matter, or monopolized the Court's time.

10. Furthermore, ATTORNEY KAPLAN'S Renewed Motion to Withdraw asserts that, "The resolution of these allegations must take precedence over all else, including adhering to the presently scheduled trial date of July 2, 2001". Defendant PENNEY respectfully submits that his own rights, as well as the rights of any co-defendants, and indeed those of the people of The United States of America, named as plaintiffs in this case, would seem to take precedence over ATTORNEY KAPLAN'S individual issues, which he himself aired before this Court.

11. Defendant PENNEY has to date not received from ATTORNEY KAPLAN any information as to the disposition of ATTORNEY KAPLAN'S pending Renewed Motion to Withdraw or

CASE NO. 00-6270-Cr-GRAHAM

Supplement to Renewed Motion to Withdraw, and under the circumstances, cannot trust that such notice will be forthcoming. Therefore, defendant PENNEY begs the Court that ATTORNEY KAPLAN'S Renewed Motion to Withdraw and Supplement to Renewed Motion to Withdraw be adjudicated forthwith, and defendant PENNEY be notified of any upcoming teleconferenced hearings or rulings that occur, so that the undersigned's defense may at last go forward in earnest toward due process in this case.

Respectfully submitted,

Hannibal Penney
1317 N. San Fernando Bl.
Burbank, CA 91504
(818)512-8681

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been mailed to Ana Martinez, Esquire, Assistant United States Attorney, 99 N.E. 4th Street, Miami, FL 33132 and to Joel Kaplan, Esquire, Attorney for Defendant, 1100-New World Tower, 100 N. Biscayne Blvd., Miami, FL 33132, this 2nd day of June, 2001.

Page 2

Prepared For:
HANNIBAL L PENNEY

Transactions Continued                                         Amount $

                                                                 29.66
April 18, 2001
GROCERIES
                                                                 22.76
April 18, 2001

Description
                                                                 70.35
April 22, 2001
GROCERIES
                                                                256.00
April 26, 2001
CTI        HONOLULU   HI
DELTA AIR LINES
From:              To:                     Carrier:  Class:
LOS ANGELES CA     ATLANTA GA                 DL      LR
                   MIAMI FL                   DL      LR
                   ATLANTA GA                 DL      LR
                   LOS ANGELES CA             DL      LR
                                    Date of Departure: 05/10
Ticket Number: 0067180010339 1
Passenger Name: PENNEY/H
Document Type: PASSENGER TICKET

                                                                 11.95
April 26, 2001
CHEAP TICKETS 002024800-7554333    CA
TRAVEL AGENCIES
Reference 000569027                                               4.00
April 27, 2001*
FLIGHT INSURANCE CURRENT $256.00
                                                                  4.75
April 27, 2001*
BAGGAGE DELAY/LOSS CURRENT $256.00

                                          Continued on next page

Page 3

Prepared For:
HANNIBAL L PENNEY
Cards
                                                      Closing Date
                                                       May 8, 2001

Transactions Continued                                        Amount $

                                                                  4.00
April 27, 2001*
FLIGHT INSURANCE CURRENT $256.00
                                                                  4.75
April 27, 2001*
BAGGAGE DELAY/LOSS CURRENT $256.00
                                                               -256.00
April 28, 2001*
DELTA AIR LINES    HONOLULU   HI
TKT# 0067180010339 VOIDED TKT