UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-Cr-GRAHAM

UNITED STATES OF AMERICA

        Plaintiff,

v.

HANNIBAL PENNEY,

        Defendant,
_____/

RESPONSE TO DEFENSE COUNSEL ATTORNEY JOEL KAPLAN'S
"MOTION TO VACATE ORDER OF MAY 31, 2001/MOTION FOR COURT TO
CONSIDER 'SUPPLEMENT TO RENEWED MOTION TO WITHDRAW'"

    Defendant HANNIBAL PENNEY asks this Court to deny ATTORNEY KAPLAN'S "Motion to Vacate Order of May 31, 2001". The undersigned further begs for relief from the ongoing motions to withdraw filed by his permanent attorney of record in this case, ATTORNEY JOEL KAPLAN, and for said relief to be set forth in the form of a Court order that will allow defendant PENNEY to attempt to obtain some measure of due process at this eleventh hour of pre-trial. As the Court is aware, defendant PENNEY is a lay person, compelled to represent himself in this matter as it is his counsel of record who brings the cause continually against him. Toward this end, the undersigned states the following:

    1.    Since at least May 18, 2001, the date of this



CASE NO. 00-6270-Cr-GRAHAM

Court's hearing on ATTORNEY KAPLAN'S original Motion to Withdraw, defendant PENNEY has been allowed no verbal and no in-person contact whatsoever with ATTORNEY JOEL KAPLAN, his permanent attorney of record; and contrary to what ATTTORNEY KAPLAN puts forth in his Motion to Vacate as an earnest effort to "comply with this Court's decision to require the undersigned to continue to represent the defendant", to date the sum total of defense counsel's written communications to the undersigned has reached a total of seven, four of which were copies of ATTORNEY KAPLAN'S motions to withdraw and one of which was a copy of the Court's order of May 31, 2001, which was faxed to defendant PENNEY on the evening of June 7, 2001, and which ATTORNEY KAPLAN now seeks to have vacated. As a result of the foregoing, defendant PENNEY has been forced to invest three of the six weeks of pre-trial remaining since the date of the hearing on May 18, 2001 re ATTORNEY KAPLAN'S original Motion to Withdraw, defending against the crippling assertions of his counsel rather than proceeding with the defense at hand, though, as the Court's order of May 31, 2001 ruled, the July 2, 2001 trial date will proceed as scheduled. Still, defendant PENNEY remains unsure as to whether ATTORNEY KAPLAN will remain his lawyer and begin to prepare his case, as ATTORNEY KAPLAN continues to file motions to withdraw and has filed a new Motion to Vacate.

CASE NO. 00-6270-Cr-GRAHAM

2. Defendant PENNEY wishes to state that he has been afforded no consultation or legal advice whatever by his permanent attorney of record ATTORNEY JOEL KAPLAN — before, during, or after the hearing, and up to this time — in regard to the undersigned's attorney-client privilege as it relates to the undersigned's original response or to any other document, as defendant PENNEY now understands was part of the Court's order of May 18, 2001. And the undersigned notes with great concern that, even as ATTORNEY JOEL KAPLAN demands that the undersigned communicate with him only in writing, ATTORNEY KAPLAN himself, in his relentless motions to withdraw, now legion, maintains a vigil of argument <u>against</u> the undersigned's attorney-client privilege, though the Response that he purports to contest has already been offered into the record. Moreover, the irony of ATTORNEY KAPLAN'S argument is not only that he levels it against his client, rather than arguing it for him, but that ATTORNEY KAPLAN has done so little work on defendant PENNEY'S case that ATTORNEY KAPLAN possesses practically no information to enjoy such privilege. However, the undersigned does find it disconcerting that defense counsel's arguments against the undersigned's attorney-client privilege may set a dangerous precedent, not only for defendants in general, but for lawyers, and even more saliently, for the integrity of the judicial process as a whole. More tragic still is the fact

that ATTORNEY JOEL KAPLAN has so cavalierly attacked and attempted to compromise such a vital legal privilege for so petty a cause.

3. ATTORNEY JOEL KAPLAN submitted to the Court in his Renewed Motion to Withdraw that defendant PENNEY sent a copy of the undersigned's response to ATTORNEY JOEL KAPLAN'S original Motion to Withdraw to prosecutor Ana Martinez in this case, and that this act on the part of the undersigned should in some way undermine defendant PENNEY'S attorney-client privilege. The Court subsequently addressed the point in the Court's order of May 31, 2001, writing: "At the time of the hearing, the Court was unaware that defendant PENNEY had previously sent a copy of the pleading to the assigned AUSA." Defendant PENNEY respectfully submits that defendant PENNEY <u>did not</u> send a copy of his response to prosecutor Ana Martinez before the hearing, but only <u>after</u> the hearing on May 18, 2001, upon being informed by the Court of his right to file his response with The United States District Court Clerk, and upon later learning that forwarding a copy of said response to the Government was proper protocol in order that the Court might consider defendant PENNEY'S response, which, at the time, was the undersigned's only means of defense against virulent false allegations leveled at him by ATTORNEY JOEL KAPLAN, his counsel of record, in defense counsel's original Motion to Withdraw. No copy of defendant

CASE NO. 00-6270-Cr-GRAHAM

PENNEY'S response was mailed, faxed, or otherwise conveyed to prosecutor Ana Martinez by defendant PENNEY prior to the hearing. Defendant PENNEY asks that no misconception as to the point abridge his rights in any way, and herein places his objection to any abridgement of his rights that may already have been caused by defense counsel's failure to properly and professionally advise him.

4. ATTORNEY KAPLAN, in his Motion to Vacate Order of May 31, 2001/Motion to Consider "Supplement to Renewed Motion to Withdraw", cites The Rules Regulating The Florida Bar, Rule 4-1.6(c)(4): ("A lawyer may reveal [confidential] information to the extent the lawyer reasonably believes necessary . . . to respond to allegations in any proceeding concerning the lawyer's representation of the client"). The undersigned asks that the Court, before ruling, consider:

A. Whether CASE NO. 00-6270-Cr-GRAHAM is a proceeding "concerning the lawyer's representation of the client", and;

B. Whether the Florida Bar intended, when it stated "any proceeding concerning the lawyer's representation of the client", that the rule as it stands should be applied to such proceedings as malpractice hearings and the like, and;

C. Whether the Florida Bar Association intended the rule to pertain to such motions as ATTORNEY KAPLAN'S, which, according to the Court's order of May 31, 2001, may well be prohibited by the local rules themselves, and;

5

D.  Whether the Court can at this point effectively rely on ATTORNEY KAPLAN'S judgement in this matter to determine what is "reasonably . . . necessary" to reveal, and;

E.  Whether ATTORNEY KAPLAN can be considered to be <u>responding</u>, as the rule requires, or if defense counsel's having brought the motion runs contrary to any such claim, and;

F.  Whether ATTORNEY KAPLAN'S argument is pertinent at all, especially in light of the time it has cost and the irreparable damage it has done to this case.

5.  Additionally, ATTORNEY KAPLAN states in his Motion to Vacate that: "This Court's order of May 31, 2001 appears to have been entered before this Court received and/or reviewed the "Supplement to Renewed Motion to Withdraw" the [defense counsel] filed on May 31, 2001." Defendant PENNEY has no knowledge as to the correctness or erroneousness of defense counsel's assumption, but the undersigned does not share it. Rather, the undersigned finds it disingenuous for ATTORNEY KAPLAN to provide to this Court as his excuse for his Motion to Vacate untenably poor communication which ATTORNEY KAPLAN himself mandated into being and continues to effect. Perhaps when ATTORNEY JOEL KAPLAN dared to admonish the Court with the taunt: "This Court refusal to [continue the trial], and to plow ahead with this case as scheduled

6

with [ATTORNEY KAPLAN] representing defendant PENNEY under the cloud of defendant Penney's serious accusations of unethical conduct, is a recipe for trying this case twice," it was through the very means ATTORNEY KAPLAN now employs that he intended to self-fulfill it.

Defendant PENNEY thanks the Court for the Court's fairness in allowing the undersigned to respond, for without such response, what would remain before the Court would be a litany of accusations not resembling the truth, and all of them, gone unanswered. Defendant PENNEY further wishes to state — in appreciation of the Court's even-handedness in requiring through Court order that the defendant's desires as to counsel be taken into account before any final ruling on this matter is made — that anyone in defendant PENNEY'S position would have to be crazy not to crave an opportunity to work with a competent, scrupulous counsel in whom he could place his confidence. The undersigned, however, after having paid ATTORNEY KAPLAN, does not have the funds to obtain such new counsel. He has therefore been left with a lawyer who, despite this Court's orders, refuses to speak to, or meet with, or counsel him, and in whom he can neither place faith nor trust. Therefore, defendant PENNEY begs the Court to rectify the problem through Court intervention. And should the Court determine, through its knowledge of the issues, in view of ATTORNEY KAPLAN'S "irreconcilable

7

CASE NO. 00-6270-Cr-GRAHAM

differences", that the Court might best serve the interests of the trial by appointing a new defense attorney, the undersigned would ask that the Court not simply grant ATTORNEY KAPLAN his withdrawal, but formally replace him for just cause with diligent private counsel toward due process in this case.

Respectfully submitted,

Hannibal Penney
1317 N. San Fernando Bl.
Burbank, CA 91504
(818)512-8681

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been mailed to Ana Martinez, Esquire, Assistant United States Attorney, 99 N.E. 4th Street, Miami, FL 33132 and to Joel Kaplan, Esquire, Attorney for Defendant, 1100-New World Tower, 100 N. Biscayne Blvd., Miami, FL 33132, this 9th day of June, 2001.