UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-Cr-GRAHAM

UNITED STATES OF AMERICA

    Plaintiff,

v.

HANNIBAL PENNEY,

    (**FILED UNDER SEAL**)

    Defendant,
_____/

### RESPONSE TO COURT'S ORDER OF JUNE 20, 2001

The undersigned, **JOEL KAPLAN**, Esquire, formerly the attorney of record for the defendant-PENNEY hereby files his response to the Court's Order of June 20, 2001, regarding the hours he spent and the work he performed prior to his discharge.

### INTRODUCTION

Pursuant to the fee agreement the defendant-PENNEY and the undersigned entered into on November 8, 2000, the day after the defendant's initial appearance, the defendant agreed to pay the undersigned a flat fee of $25,000.00 to prepare his case. For this fee, the undersigned agreed to review all the discovery for this case, to explore all possible legal and factual defenses the defendant had and do what was otherwise necessary to advise the defendant whether he should resolve this case by pleading guilty or going to



trial. Of this sum, $15,000.00 was due on January , 2001, a deadline the defendant failed to meet.

As to balance of this sum, the defendant paid $10,000.00 in January, 1999, after the government advised him he was the subject of a grand jury investigation. For this fee, the undersigned agreed to represent the defendant in connection with any pre-indictment he had dealings with the United States Attorney's Office and with any grand jury subpoena served on him and to arrange his surrender and bond if the defendant was indicted. Once the defendant was indicted, the undersigned arranged his voluntary surrender and negotiated his bond-(a personal surety bond which saved the defendant the cost of a bond premium.) Because the undersigned and the defendant agreed to a flat fee, the undersigned did not maintain extensive time sheets on which he recorded the work he did on the defendant's behalf. What follows has been reconstructed from the time sheets the undersigned kept, his notes and from the work the undersigned performed.

## COURT PROCEDDINGS

On November 7, 2000, prior to his initial appearance, the undersigned and the defendant met for about thirty (30) minutes and discussed the case. Of course, prior to November 7, 2000, the undersigned and the defendant had numerous telephone conversations. If the Court wishes, the

undersigned will provide his long distance records to show the Court the number of these conversations and the duration of each call.

The undersigned attended the defendant's initial appearance on November 7, 2000, from 2:00 p.m. until 3:00 p.m. At that time, the defendant was taken to be processed. The undersigned left his secretary at the federal courthouse to accompany the defendant back to the undersigned's office (because the defendant was unfamiliar with the downtown area and because the undersigned wished to converse with him further about his case). The undersigned waited at his office for the defendant until after 5:00 p.m. However, the defendant was not released until after 5:00 p. m. and the undersigned had to leave due to other obligations he had. On November 8, 2000, when the undersigned and the defendant entered into the fee agreement, they spent approximately one hour discussing the defendant's case.

On November 16, 2000, this Court conducted a status conference that began about 11:00 a.m. The time the undersigned spent in court in connection with the litigation over his motions to withdraw is listed below.

### DISCOVERY REVIEWED

By pleading dated November 28, 2000, the government provided its initial discovery response for this case.

Thereafter, the undersigned reviewed the following items contained in this response:

### A. Audio Tapes of Sales

| DATE OF CONVERSATION | PERSON SPOKEN WITH |
|---|---|
| 2-16-96 | Mike Carey |
| 2-8-96 | Rick Clark |
| 3-1-96 | Vickie Keel |
| 5-2-96 | Dr. J. Gordon Longenecker |
| 3-26-96 | Irving Amron |
| 3-27-96 | Vickie Keel |
| 3-29-96 | Bernard Rog Bake |
| 4-17-96 | Rick Clark |
| 5-7-96 | George Bayer |
| 5-28-96 | Patricia Lindermark |
| 5-29-96 | Irving Amron |
| 6-28-96 | Dr. Terry Nofziger |
| 7-10-96 | Alvin E. Guins |

### B. Tapes Labeled "Non-FBI Audio Tapes"

| | | |
|---|---|---|
| 2-96 | TAPE 1-30 | Tom Long |
| 4/2-3/96 | TAPE 1-39 | Bernard Baker |
| 4-9-96 | TAPE 1-40 | Bernard Baker |
| 6-19-96 | TAPE 1-41 | Bernard Baker |

CASE NO. 00-6270-Cr-GRAHAM

C. Video Tapes

1.  196A-MM-65665-AA
    7/17/96-Search Warrant
    Photographer Cynthia J. Doster

2.  196A-MM-65665 AA1
    2/29/96-Surveillance at Best Marketing
    Photographer-Alicia Fasthammel

3.  Best Marketing Inc.
    196A-MM-65665-AA1
    2/28/96
    TAPE 1-24

4.  196A-MM-65665-AA1
    3/15/96-Surveillance at Best Marketing
    Photographer-Cynthia J. Doster

D. Government's Packets of Discovery Relating to Various Counts of Indictment

1. COUNT 11-FBI 302/SALES ORDER FORM/TRANSCRIPT OF TAPE-RECORDED CONVERSATION (12 pages)

2. COUNT 12- 3 ORDER FORMS/CORRESPONDENCE/TRANSCRIPT OF TAPE-RECORDED CONVERSATION (12 pages)

3. COUNT 13-FBI 302/CORRESPONDENCE/TRANSCRIPT OF TAPE-RECORDED CONVERSATION (40 pages)

4. COUNT 14-FBI 302/SALES ORDER FORMS/TRANSCRIPT OF TAPE-RECORDED CONVERSATION (15 pages)

5. COUNT 15- 2 FBI 302/SALES ORDER FORMS/TRANSCRIPT OF TAPE-RECORDED CONVERSATION (14 pages)

6. COUNT 16-FBI 302/SALES ORDER FORMS/TRANSCRIPT OF TAPE-RECORDED CONVERSATION (7 pages)

7. COUNT 17-FBI 302/SALES ORDER FORMS/TRANSCRIPT OF TAPE-RECORDED CONVERSATION (19 pages)

    8.   COUNT 18-FBI 302/SALES ORDER FORMS/TRANSCRIPT OF TAPE-RECORDED CONVERSATION (26 pages)

    9.   COUNT 19-FBI 302/CORRESPONDENCE/ORDER FORMS/TRANSCRIPT OF TAPE-RECORDED CONVERSATION (12 pages)

    10.   COUNT 20-FBI 302/SALES ORDER FORMS/TRANSCRIPT OF TAPE-RECORDED CONVERSATION (14 pages)

The undersigned also reviewed the following discovery that the government characterized in its response and contained in folder so labeled as follows:

1. Sales Disks(3)
2. Penney Sales Totals
3. Pitches
4. Diagram
5. Datron Marketing
6. Vehicle Winners

Other miscellaneous discovery the undersigned reviewed includes the following:

1. List of Dudley's Sales-Bates Nos. 544-727
2. Misc. FBI 302's, Transcripts of Sales Calls and Documents-Bates Nos. 1330-1684.
3. Number of Sales in '96, Number of HP'S Sales Bates Nos. 169-525.
4. Misc. Documents-Bates Nos. 1685-1687
5. Misc. Documents, Bates Nos. 84-93
6. Misc. Sales Pitches, Bates Nos. 769-782

4. Misc. Sales Materials, Bates Nos. 783-792.

5. Info. Re: Roby Dudley, Bates Nos. 806-817.

6. Penney's Criminal History rap sheet

7. Documents re Execution of Search Warrant

8. Affidavit for Search Warrant

9. Dudley's Discovery Resp. and Statements

Based upon the discovery, the undersigned prepared witness files on the following individuals:

1. Howard White
2. Phyllis Blane
3. Jimmie Yates
4. Marc Goldberg
5. Ruth Geier
6. Shawn Ingram
7. Larry Humphrey
8. Victor Bench
9. Jim Vogelpaul
10. David Poffenberger
11. Bob Wright
12. David Brownfield
13. Gerard Baldacchino
14. Ed Hexter
15. Sydell Salzman
16. Charlie Martin

7

E. Discovery Conferences

The undersigned visited the FBI'S headquarters to review discovery on the following dates and spent the hours noted. (which do not include travel time):

1. 12-13-00, 8:00 A.M.-11:30 A.M.
2. 12-20-00, 8:00 A.M.-11:00 A.M.
3. 01-03-01, 8:45 A.M.-10:30 A.M.
4. 03-06-01, 2 Hours

During these examinations, the undersigned ordered the following materials that were seized from Best or from the defendant's office at Best for further use in the case. The undersigned reviewed these materials upon his receipt of them from the copy service:

1. Box 51, Room 9, Desk 9B, Bates Nos. 3255-3314
2. Room 9, File Cabinet 9D, Box #57, Bates Nos. 2936-3254.
3. Order Forms, Bates Nos. 2500-2583
4. Room 9, File Cabinet 9D, Box #57, Bates Nos. 2584-2935.
5. Box 51, Room 9, Desk 9B, Bates Nos. HP00-HP85.
6. Box 51, Room 9, Desk 9B, Bates Nos. HP86-302.
7. Amron Consulting Service, Bates Nos. 1001-1063.
8. Batavia Garage Door, 105 PGS.
9. Baker Realty, Bates Nos. 1173-1193.
10. Baker Realty, Bates Nos. 1194-1199.

11. Canterbury House Apts., Bates Nos. 1201-1240.

12. Central MI Communications, Bates Nos. 1241-1261.

13. George Bayer CPA, Bates Nos. 1262-1277.

14. Bakers Railroad Shop, Bates Nos. 1279-1324.

15. Bakers Railroad Shop, Bates Nos. 1325-1381.

16. Beek Construction, Bates Nos. 1382-1386.

17. Movie World, Bates Nos. 1388-1430.

18. Dr. Terry Nofziger, Bates Nos. 1432-1439.

19. TM2 Construction, Bates Nos. 1442-1480.

20. Wayne Dental Associates, Bates Nos. 1481-1507.

21. Hopewell Veterinary Service, Bates Nos. 1510-1585.

22. Trident Distributions Corp., Bates Nos. 1586-1598.

23. True Colors Truck & Rod S, Bates Nos. 1599-1621.

24. Hoffman Interiors Inc., Bates Nos. 1622-1644.

25. Bibb Welding & Machine, Bates Nos. 1645-1678.

26. Room 5, Top File Cabinet, Box 35, Bates Nos. BD001-291.

27. Docs re; Best Marketing Procedures, Bates Nos. BD5000-5079.

28. Misc. docs containing materials re Best sales and FBI questionaires of customers, 318 PGS.

29. Room 5, Top File Cabinet, Box 35, Bates Nos. BD292-828.

30. Amron Consulting Service, Bates Nos. 1001-1063.

31. Batavia Garage Door, Bates Nos. 1064-1171.

32. Baker Realty, Bates Nos. 1172-1193.

33. Baker Realty, Bates Nos. 1194-1199.

34. Canterbury House Apts., Bates Nos. 1200-1240.

35. Central MI Communications, Bates Nos. 1241-1261.

36. George Bayer, Bates Nos. 1262-1277.

37. Bakers Railroad Shop, Bates Nos. 1278-1324.

38. Bakers Railroad Shop, Bates Nos. 1325-1381.

39. Movie World, Bates Nos. 1387-1430.

40. Dr. Terry Nofziger, Bates Nos. 1431-1439.

41. TM2 Construction, Bates Nos. 1441-1480.

42. Wayne Dental Associates, Bates Nos. 1481-1507.

43. Hopewell Veterinary Service, Bates Nos. 1509-1585.

44. Trident Distributors Corp., Bates Nos. 1586-1598.

45. True Colors Truck & Rod S, Bates Nos. 1599-1621.

46. Hoffman Interiors Inc., Bates Nos. 1622-1644.

47. Bibb Welding & Machine, Bates Nos. 1645-1678.

48. Green Side Up Nursery, Bates Nos. 1679-1707.

49. Southeastern Appraisal, Bates Nos. 1708-1729.

50. Rick's Service, Bates Nos. 1730-1745.

51. St. Croix International, Bates Nos. 1746-1763.

52. Docs re ad specialties, Bates No. HP3315-3319.

53. Room 9, Desk 9B, Top R. Drawer, Bates Nos. 3326-3355.

54. Closing pitches, Bates Nos. HP3356-3364.

55. Customer Needs/Analysis, Bates Nos. HP3365-3370.

56. Discontinued Products, Bates Nos. HP3371-3374.

57. Phone Extensions, Bates Nos. 3375-3385.

58. Spiff Program, Bates Nos. 3386-3392.

59. States to Avoid, Bates Nos. 3393-3425

**COMMUNICATIONS WITH THE DEFENDANT**

Written communications with the defendant, regarding such matters as the plea offer the government extended (also discussed in person), the defendant's right to testify and the need to prepare to do so, the identities of prospective witnesses and their anticipated testimony, the defendant's failure to cooperate with the undersigned (above and beyond his failure to pay the fee he agreed to), etc., occurred on the following dates in the letters the undersigned sent the defendant:

1. January 16, 2001-2 pages
2. February 15, 2001-3 pages
3. April 30, 2001-2 pages
4. May 24, 2001-4 pages
5. May 30, 2001-2 pages

The undersigned also had telephonic communication with the defendant. If the Court desires, the undersigned will provide his long distance records to document the dates and duration of each call.

**MOTION TO WITHDRAW LITIGATION**

The following recounts what the undersigned did, in- and out-of-court, in connection with the litigation over the withdrawal issue that arose in this case:

CASE NO. 00-6270-Cr-GRAHAM

1. Draft and File Original Motion to Withdraw-May 10, 2001.

2. Attend May 18, 2001 Hrg. on Original Motion to Withdraw from 10 a.m. to 11:00 A.M.

3. Review Defendant's "Response to Attorney Joel Kaplan's Motion to Withdraw" sent on May 18, 2001.

4. Draft and File "Renewed Motion to Withdraw" Containing Case law Regarding Attorney/Client Privilege Vis-A-Vis Defendant's "Response to Attorney Joel Kaplan's Motion to Withdraw" on May 23, 2001.

5. Draft and File "Supplement to Renewed Motion to Withdraw" on May 31, 2001.

6. Review Court's Order of May 31, 2001.

7. Review Defendant's "Response to Defense Counsel Attorney Joel Kaplan's Renewed and Supplement to Renewed Motion to Withdraw" Sent on June 2, 2001.

8. Draft and File "Motion to Vacate Order of May 31/ Motion for Court to Consider Supplement to Renewed Motion to Withdraw" on June 5, 2001.

9. Attend June 20, 2001, Hearing before this Court and Magistrate Judge Turnoff from. 10:00 A.M. to 1:15 P.M.

Respectfully submitted,

_____
JOEL KAPLAN, ESQUIRE
1100 - NEW WORLD TOWER
100 N. Biscayne Blvd.
Miami, Florida 33132
Phone: (305) 374-2111
Florida Bar No. 219371

CASE NO. 00-6270-Cr-GRAHAM

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been mailed to Defendant-Penney, 3417 N. Fernando Boulevard, Burbank, CN. 97504, this 3rd day of July, 2001.

_____
JOEL KAPLAN, ESQUIRE

```
                                                              [vdkttext]

                              Case Selection
Dkt type: cr   Case Number: 00-6270      Division: 0   FtLauderdale

Transaction: kseal doc -/-/- - -
                              History Record
Occurrence date:     07/03/01    Service date :              ID#  4667317
                              Document Record
Document number:     73       -1 Document type :doc         -
Date filed : 07/03/01            Date disposed :       Term # :
Date req :                       Time req :            Flag :
Requested Amt :
+------------------------------------------------------------+
 SEALED DOCUMENT



+editing docket text----------------------------------------+

Command mode (? for commands)
```

Attached to D.E. # 73