UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-CR-GRAHAM

UNITED STATES OF AMERICA,

Plaintiff,

v.

HANNIBAL PENNEY,

Defendant.
_____/

DEFENDANT HANNIBAL PENNEY'S FIRST MOTION *IN LIMINE*,
TO EXCLUDE EXTRINSIC FINANCIAL EVIDENCE.

COMES NOW Defendant Hannibal Penney who, pursuant to Rule 104(a). Fed.R.Evid., moves the Court to make a preliminary ruling on the admissibility, in the government's case in chief, of broad financial documents, including internal revenue service records, included in recent supplements to discovery in this case. These documents have no relevance to any material issue and where not produced during and in furtherance of the conspiracy charged in the indictment.

During the weeks prior to the November 5, 2001, scheduled start of trial in this wire fraud case, the government mailed to defendant's counsel copies of voluminous[1]

---

[1] Counsel estimates that he has received approximately ten reams of paper in this phase of the government's discovery. Some of the pages are Bates stamped, but the total number of pages is not known to counsel. Some of the documents have internal numeration or page count. For example, counsel has been provided an IRS document called an IRMF (Information Returns Master File) for Mr. Penney for the years 1997 through 2000 which claims to consist of 2,092 pages. It is printed on both sides of the paper with three transactions per side. This is 12,552 or 25,104(roughly) transactions, depending on whether the IRS has counted sheets of paper or sides of information, all of which occurred

documents relating to Mr. Penney's financial affairs prior to, during, and after the period of time that is the subject of the indictment pending against him. Included in this discovery is taxpayer information as to which Congress has imposed limitations on even the prosecutor's use or disclosure. None of these documents relate to Mr. Penney's charged conduct at Best Marketing, Inc.

The government has declined to give any theory of either relevance or of admissibility for these records and counsel can think of none. While the prosecutor has declined to discuss why or how these documents might be admissible in the government's case in chief, she has advised that she intends to introduce them in the "case in chief" phase of the trial.

Counsel for Mr. Penney has speculated about the government's motive. They may be trying to frighten Mr. Penney by showing the government's ability to probe into the collateral affairs of a citizen.[2] They may be interested in "dirtying up" Mr. Penney from a financial point of view to reduce the sting of the shocking wealth that their principal witness derived from Best Marketing.[3] The problem with speculation as to the government's motive is that it takes the defendant no closer to understanding what it is that he has to defend against.

---

after the end date of the conspiracy alleged in the indictment.
[2] For example, the documents disclose the settlement of the estate of Mr. Penney's father and they show the financial affairs of Mr. Penney's wife, neither of whom are connected in any way with this prosecution.
[3] The government's principal witness, Mark Goldberg, received an income of $6,137,776.42, about $1 million a year, from BMI. Mr. Penney did not earn millions from Best Marketing. His total gross commission was approximately $36,000, from which Best Marketing deducted fees for providing a secretary to Mr. Penney and fees for administrative overhead, leaving Mr. Penney to pay all of his taxes, including that portion of his taxes usually paid by an employer.

Counsel recognizes that this motion *in limine* is generalized, but this generality stems from the fact that counsel in knee-deep in paper with no articulated theory of relevance or admissibility for this paper from the government. Counsel asks that the government be required to delineate what they intend to use in their case in chief[4] in the trial on this indictment and on what theory it is admissible. Counsel asks that this be done sufficiently before trial to permit Mr. Penney the opportunity to make a response and, if the court deems any of this material to be admissible, to permit Mr. Penney the time needed for preparation of a defense.

WHEREFORE Defendant Hannibal Penney request that the Court exclude from evidence all financial records other than those records generated during and in furtherance of the conspiracy charged in the indictment.

Respectfully submitted,

William M. Norris
William M. Norris, P.A.
7685 S.W. 104 Street, Suite 220
Miami, Fl 33156
Tel. 305-661-6118
Fax. 305-667-6161
Attorney for Hannibal Penney

---

[4] Counsel recognizes that different rules apply to other uses of this information. This motion does not address the use of this financial information for legitimate purposes, if there are any, outside of the government's case in chief.

Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed postage prepaid this 7th day of November, 2001; to:

| | |
|---|---|
| AUSA Anna Martinez | Albert Levin, Esquire |
| 99 NE 4th Street | 888 Biscayne Blvd, Fl 6 |
| Miami, FL 33132 | Miami, FL 33131-2913 |

William M. Norris