UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-CR-GRAHAM

UNITED STATES OF AMERICA

v.

HANNIBAL PENNEY

_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT PENNEY'S "FIRST MOTION *IN LIMINE* TO EXCLUDE EXTRINSIC FINANCIAL EVIDENCE"

The United States of America, by and through its undersigned Assistant United States Attorney, respectfully files this response to defendant Penney's "First motion *In Limine* to exclude extrinsic financial evidence." For the reasons that follow, the United States respectfully requests that the Court deny defendant's motion at this time without prejudice.

1. <u>The requested ruling to exclude evidence may not be necessary</u>.

Penney's counsel apparently misunderstood a conversation with the undersigned. This was immediately after the last calendar call, when the undersigned invited counsel to once again review the exhibits that had been brought to the U.S. Attorney's Office for the trial that had been scheduled for November 5, 2001. The undersigned has left messages for Mr. Norris on November 6, 2001, and again on November 13, 2001. However, Mr. Norris has been unable to

1



return the calls as of this date. As under the local rules, a response is due on this date, the government is filing this response without the benefit of discussing this matter with Mr. Norris.[1]

The misunderstanding is this: Penney's counsel states in this motion that the government advised that it intends to introduce all the financial evidence relating to his client in the government's case in chief. However, the undersigned did not say that, and that is not the government's intention.

Mr. Norris asked several questions about the government's trial strategies. In response to a question about the financial evidence, the undersigned told Mr. Norris that evidence relating to the receipt of the proceeds from the Best Marketing fraud and from previous telemarketing fraud involving the same victims would be offered in the case in chief, as well as tax related information relating to the same period.[2] The undersigned told Mr. Norris that evidence outside that period would probably only be used for cross-examination and the rebuttal case. The undersigned further told Mr. Norris that it was still analyzing the evidence and formulating and revising its strategies.

---

[1] Mr. Norris also posed some questions in a letter dated November 1, 2001, which the undersigned will be able to discuss once Mr. Norris becomes available.

[2] Defendant Penney was a "reloader." He sold to the same victims repeatedly, sometimes for years. Penney moved to Best Marketing approximately in very late 1995, early 1996. He worked at Best Marketing until the execution of a search warrant in mid-July, 1996. Many of the victims to whom Penney sold advertising specialty items from Best were individuals to whom he had been selling for some time at another fraudulent advertising specialty telemarketing firm called Datron. Penney received the proceeds from Datron and Best in the name of Penwheel Productions, and he deposited the proceeds in the same account. The government intends to offer in its case in chief those bank records (and summaries of them) for 1995 and 1996, as well as Penney's tax information for those years. Among other things, this evidence shows the receipt of the proceeds of telemarketing fraud which caused losses to the victims of the substantive counts in the indictment.

2

With this clarification, it is possible that Penney's counsel may no longer seek the requested ruling. The undersigned does not know if Penny's counsel would specifically contest the relevance to the case in chief of evidence showing the receipt of the proceeds of the fraud. Penny's counsel does state in footnote 4 in his motion, that he "recognizes that different rules apply to other uses of this information. This motion does not address the use of this financial information for legitimate purposes, if there any, outside the government's case in chief."

At a minimum, the undersigned would like to narrow the issues before putting this matter before the Court. The parties should be able to at least limit the issues once Mr. Norris becomes available.[3]

2. <u>The request to exclude evidence is premature</u>.

The requested ruling would be premature for several reasons. We are no longer *in limine*, or at the threshold of trial. All the parties will continue to analyze the evidence and develop their trial strategies. The government respectfully urges the Court to defer such fact-bound relevancy rulings to the time of trial or at the earliest, the week prior to the trial date, when the parties can most fully articulate these matters in a hearing before the court.

---

[3] Penney's counsel has also apparently misunderstood a printed summary of the sales of cooperating defendant Marc Goldberg. Although the defense had long ago been provided with this information on disc, the undersigned provided a printed summary which also totaled the gross amount of Best Marketing sales attempted or closed by Goldberg from 1989 to 1996. Contrary to the statement made by Penney's counsel in his motion, this print-out does not show commissions received by Goldberg. There is other evidence, including summaries of Best's bank records, which does show payments to employees, which naturally are lower than the gross sales handled by such employees.

3

3. <u>The request to exclude evidence is not specific</u>.

Penney's counsel recognizes that his motion is generalized. Such a generalized motion makes it impracticable to respond in an efficient and direct manner.

The motion need not be so generalized. Tax information can be identified by year. Bank, investment, and loan records can be identified by company and by year. Also, a Rule of Evidence or a case can be cited.

4. <u>The request for discovery of the government's trial strategy has no basis</u>.

Penney's counsel requests that the government be required to state its theories of admissibility with respect to financial evidence it intends to offer in its case in chief. This request may be satisfied by statements made in this pleading, and to a large extent the undersigned has voluntarily shared such information during conversations with the various attorneys that have been involved in this case.[4] However, there is no basis (and the Penney's counsel cites none) to require disclosure of the government's trial strategy beyond the requirements of the U.S. Constitution and the Federal Rules of Criminal Procedure.[5]

---

[4] In addition, in this case the government has voluntarily gone beyond the rules in various ways, including providing numerous reports of witness interviews and contact information.

[5] In fact, Rule 16 specifies that certain information is not subject to disclosure, such as the work product of the attorneys for the government (section (a)(2)) and the defense (section (b)(2)). See also Advisory Committee Notes of Fed. R. Crim. P. 16.

For the reasons stated above, the United States respectfully requests that this Court deny Penny's motion at this time, without prejudice. If issues still remain after the parties are able to confer, Penney's counsel can renew his motion. The United States respectfully requests that any such motion be more specific factually and legally.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
ANA MARIA MARTINEZ
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0735167
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9431
Fax: (305) 530-6168

## CERTIFICATE OF SERVICE

I hereby certify that on November 27, 2001, a true and correct copy of the foregoing was mailed to William Norris, Esq., 7685 S.W. 104th St., Suite 220, Miami, FL 33156.

_____
ANA MARIA MARTINEZ
ASSISTANT UNITED STATES ATTORNEY