UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-CR-GRAHAM



UNITED STATES OF AMERICA,

        Plaintiff,

v.

HANNIBAL PENNEY,

        Defendant.
_____/

DEFENDANT HANNIBAL PENNEY'S SPECIFIC MOTION FOR DISCLOSURE OF EXCULPATORY MATERIAL: ED HEXTER'S DISCLOSURES.

    By this motion, Defendant Hannibal Penney seeks production of all disclosures made by or on behalf of Ed Hexter to the United States prior to or in connection with his entry into an agreement to plead guilty, either prior to or after the return of the indictment in this case. Counsel has spoke to Assistant United States Attorney Ana Maria Martinez, who advises that formal reports of investigation do not appear to have been prepared, but that she is seeking materials responsive to this request in what ever form they might be found.

    Mr. Penney files this motion notwithstanding exemplary cooperation from the government because the question of the scope of Hexter's disclosures to government before his death probably will be an issue in related litigation, not involving the government, on the issue of what survives of Ed Hexter's attorney-client privilege regarding matters within the scope of the indictment.



1

Ed Hexter was the founder and president of Best Marketing, Inc. He was, in more ways than one, "Mr. Best." The government's investigation of Ed Hexter and Best Marketing, Inc., seems to have languished for several years following the July 17, 1996 "raid" by the Federal Bureau of Investigation. When an indictment was ultimately returned on September 14, 2000, Ed Hexter promptly entered into a plea agreement with the government and then died. The structure of the indictment shows that Ed Hexter was named only in the conspiracy count, that his son and his father were not named, and that no forfeiture was sought despite millions in profits. This structure and the passage of fifty-one months between the raid and the indictment strongly suggest that Ed Hexter entered into a cooperative relationship with the FBI before the return of the indictment. Counsel has information that Ed Hexter was in obviously failing health at the time the indictment was returned, so his imminent death would not have been a surprise to the government.

Mr. Hexter's death would normally close the books on questions of what Hexter said and to whom he said what he said.

In this case, however, there is a very significant series of interlocking questions about Ed Hexter's attorney-client privilege: what impact his death has on that privilege, whether his attorney was giving business advise rather than legal advise, whether the attorney was acting as corporate counsel. Mr. Penney is prepared to seek ex parte resolution of these issues, because Mr. Hexter's lawyer refuses, understandably, to walk into an ethical minefield without court order. However, one issue that may greatly simplify the questions to be resolved by the court is the question of the extent to which Mr. Hexter waived his attorney-client privilege by his disclosures to the United States,

either prior or subsequent to his indictment in this case.

By this demand, Mr. Penney does not intend to provide the court with a comprehensive memorandum of law on this subject. The relevance of the scope of disclosure to third parties, such as the United States, is clear. In re Sealed Case, 676 F.2d 793, 818 (D.C. Cir.1982): "Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the privilege."

                               Respectfully submitted,

                               William M. Norris
                               William M. Norris, P.A.
                               7685 S.W. 104 Street, Suite 220
                               Miami, Fl 33156
                               Tel. 305-661-6118
                               Fax. 305-667-6161
                               Attorney for Hannibal Penney

Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed postage prepaid this 5th day of February, 2002; to:

| AUSA Anna Martinez | Albert Levin, Esquire |
|---|---|
| 99 NE 4th Street | 888 Biscayne Blvd, Fl 6 |
| Miami, FL 33132 | Miami, FL 33131-2913 |

                               William M. Norris