UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-CR-GRAHAM

UNITED STATES OF AMERICA

v.

ROBY DUDLEY
and
HANNIBAL PENNEY
_____/

GOVERNMENT'S RESPONSE TO DEFENDANT PENNEY'S
"SPECIFIC MOTION FOR DISCLOSURE
OF EXCULPATORY MATERIAL: ED HEXTER'S DISCLOSURES"

The United States of America, by and through its undersigned Assistant United States Attorney, respectfully files this response to defendant Penney's "Specific Motion for Disclosure of Exculpatory Material: Ed Hexter's Disclosures." In summary, the United States is voluntarily providing the available notes that are responsive. Still, the United States requests that the motion be granted only to the extent required by Fed. R. Crim. P. 16 and the U.S. Constitution.

Ed Hexter was the owner of Best Marketing, Inc. Just prior to the indictment of this case, Hexter was very ill. This case was indicted in September, 2000. Hexter died in or about October, 2000.

Prior the indictment in this case, in August of 2000, Hexter signed a plea agreement with the government. The agreement includes a provision that if Hexter was prosecuted for tax offenses, the government would recommend that the sentence be concurrent to the sentence for

the wire fraud involved in the Best Marketing case. The plea agreement does not discuss cooperation. Still, that same month Hexter also signed a "proffer agreement" and met briefly with the government to provide a proffer. The meeting was brief because it was only intended to be an initial meeting, and because of Hexter's illness.

Attached to this response are the plea agreement and the proffer agreement. These agreements had been provided to Penny's first attorney (with the initial discovery response). They are bates labeled 798-803. Also attached to this response are the notes taken by Robert Passero, a financial auditor with the U.S. Attorney's Office. The undersigned also inquired of the FBI agent who was also present; however, he did not create a record of the debriefing.

While the United States is voluntarily providing the notes that were available, the request made by Penney's motion went beyond the requirements of Rule 16 and the U.S. Constitution. Therefore, the United States respectfully requests that this Court either deny the instant motion as moot or resolved, or grant it only to the extent required by Rule 16 and the U.S. Constitution.

                                              Respectfully submitted,

                                              GUY A. LEWIS
                                              UNITED STATES ATTORNEY

By: _____
    ANA MARIA MARTINEZ
    ASSISTANT UNITED STATES ATTORNEY
    FLORIDA BAR NO. 0735167
    99 N.E. 4th Street
    Miami, Florida 33132
    Tel: (305) 961-9431
    Fax: (305) 530-6168

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 25th day of February, 2002 to: Bill Norris, Esq., 7685 S.W. 104th St., Suite 220, Miami, FL 33156, and Albert Levin, Esq., 888 Brickell Ave., Sixth Floor, Miami, FL 33131.

ANA MARIA MARTINEZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,          CASE NO.

-vs-                               PLEA AGREEMENT

EDWARD HEXTER

    Defendant.
_____/

The United States of America and EDWARD HEXTER (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to waive indictment and prior to ~~August 10~~ September 15, 2000, to plead guilty to an Information, which charges the defendant with willfully conspiring to commit an offense against the United States, that is, having devised and intended to devise a scheme and artifice to defraud and for obtaining money and property from persons throughout the United States by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing said scheme and artifice, knowingly causing to be transmitted in interstate commerce, certain signs, signals and sounds by means of wire communications, including interstate wire and telephone conversations in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 371.

2. The United States agrees that it will recommend at sentencing that the court reduce by two or three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility; however, the United States will not be required

798

to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

3. The defendant is aware that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the applicable guideline range and impose a sentence that is either more severe or less severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense(s) identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The parties agree that for sentencing purposes applicable to this defendant, the United States will recommend that the amount of loss to be considered as "relevant conduct" under the Sentencing Guidelines in this cause equals approximately $4,000,000.00. The parties also agree that the offense involved more than minimal planning as a scheme to defraud more than one victim, for an offense level increase of 2; the parties also agree that an increase of 4 levels would apply for defendant's role as an organizer and leader. The parties stipulate and agree that the United States Sentencing Guidelines for 1995 apply to the determination of sentence in this cause.

799

5. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of supervised release. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000.00 (two hundred fifty thousand dollars)(or double the loss to victims) and may order restitution. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 5 of this agreement, a special assessment in the amount of $50.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

7. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States Attorney's Office for the Southern District of Florida further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that

800

the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

9. The defendant is aware that a referral is being made to the Internal Revenue Service, regarding tax years 1994, 1995, and 1996. In the event that a criminal prosecution is authorized and the defendant is charged and pleads guilty to tax offenses for these years, this Office will recommend that any sentence imposed with regard to the defendant's tax offenses be served concurrent with, and not exceed, the sentence imposed for this matter.

9. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

GUY A. LEWIS
UNITED STATES ATTORNEY

Date: August 15, 2000            By: _____
                                     DEBRA J. STUART
                                     ASSISTANT UNITED STATES ATTORNEY

Date: 15 Aug 00                  By: _____
                                     STEPHEN M. PAVE, ESQUIRE
                                     ATTORNEY FOR DEFENDANT

Date: 15 Aug 00                  By: _____
                                     EDWARD HEXTER
                                     DEFENDANT

4

801



U.S. Department of Justice

*United States Attorney*
*Southern District of Florida*

---

*Central Criminal Section 1*
*500 East Broward Boulevard, Suite 700*
*Fort Lauderdale, Florida 33394*
*Telephone: (954) 356-7255*
*Facsimile: (954) 356-7228*

August 15, 2000

Stephen Pave, Esquire
7600 Red Road, Suite 200
South Miami, Florida 33143

    **RE: Your client, Edward Hexter**

Dear Mr. Pave:

    As we have discussed, your client wishes to provide information in an ongoing criminal investigation pertaining to telemarketing fraud through Best Marketing Inc., Lauderhill, Florida, and has offered to provide information regarding the events that led to the search of the Best Marketing business premises in 1996. Your client also wishes to provide information regarding other possible violations of law regarding wire fraud. The government has agreed to accept a proffer of the testimony of your client, Edward Hexter, regarding his knowledge of the facts underlying the conduct of Best Marketing and other business operations. Based upon your representaton that your client, Edward Hexter, is willing to be debriefed by agents and employees of the federal government, the following agreement sets forth the terms and conditions of the debriefing.

    This agreement is intended to cover all statements made and information provided by Mr. Hexter from this date forward, including information provided at any informal meetings, interviews, or phone calls, as well as information in the form of testimony before any grand jury. However, all information previously provided by Mr. Hexter to the government shall not be covered by this agreement, and may be used by the government against Mr. Hexter directly or indirectly in any criminal proceeding brought by this office.

    1)    <u>Limited Use Immunity</u> - No statements made by Mr. Hexter during the debriefing will be used against him directly in any criminal proceeding brought by this office. If, however, the defendant offers testimony at any proceeding, the Government may cross-examine Mr. Hexter about his statements and may offer such statements in rebuttal.

    2)    <u>No Derivative Use Immunity</u> - The Government may make derivative use of, and pursue any investigative leads suggested by, any statements made by Mr. Hexter, and may

802

Stephen Pave
Page - 2 -
August 15, 2000

introduce such evidence against him in any proceeding.

3) <u>Exclusion for crimes of violence</u> - This agreement granting use immunity does not apply to evidence of crimes of violence.

4) If it is determined by the U.S. Attorney's Office that Mr. Hexter has violated any of the terms or conditions of this agreement, or has intentionally given false, incomplete or misleading information or testimony, he will be prosecuted for any and all criminal violations known to the Government, including but not limited to perjury, obstruction of justice, and false statements to Government agencies. In such case, the Government would be free to use against him any of his statements and any material derived therefrom.

If the foregoing accurately reflects the agreement between the U.S. Attorney's Office and Mr. Hexter, please sign this letter as provided below.

Sincerely,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
DEBRA J. STUART
ASSISTANT UNITED STATES ATTORNEY

I have read and understood this letter, which accurately describes the agreement between the U.S. Attorney's Office and my client.

15 Aug 00
Date

Stephen Pave, Esquire
Attorney for Edward Hexter

I have read and understood this letter, and have discussed it with my attorney. I acknowledge that it fully sets forth all of the terms and conditions of the agreement between the U.S. Attorney's Office and myself. There have been no additional promises or representations made to me by any official of the U.S. Government or by my attorney in connection with my decision to enter into this agreement with the U.S. Attorney's Office.

15 Aug 00
Date

Edward Hexter

803

ED HOLSTER —   Notes by Robert Pastor

(1)

1996 moved here from Vegas.

Went to work American Marketing Specialties — Ken worked the phones. Meet Paul Oppenheimer
Took a job with Darrow for 2-3 years.
Hired Ruth Greer from Darrow.
1. never used the word prize
2. never used the word sweepstakes.
3. Had the buyer sign contract.
4. Fired Ruth Greer's husband

Some would hold out reserve of 10% — Ed didn't

Judy Green - Zamath - changed her name.

Hanibel Perez, Charlie Martins — small shots

Jesse Williams — from American Marketing — London — very ill.

Barbara Kelly — Export Ears - verified all deals.

Ruth Greer — verified also.

Roby Dudley — called clients,

Ruth Geier — started work at 7:00 am, competition with MGR

Mark Woolbury — countries lies — never used words win, prize, etc. infer - pretty wise earning!

Always reprint product. Spam aloT with catalog.
Paid for cruises, TVs, rifles, gold & diamond Jewelry.

②  Always gray — not Black.
1. Leads from D&B every two weeks. New businesses
2. Frontiers would get them.
   Eleanor Stacy — worked there too — calling & saying
   Spec items pertinent. Never went after consumers.
3. Not take an order if no business. No sales to
   little old ladies.
4. Quashed some deals. —

Targeted Unsophisticated — Mom & Pop — Middle America.

Ruth Greer hired all Frontiers — $1000 a week.
Also hired Len Epstein as frontier.
Jan Bennett — Ruth Greer — resurrect deals
"Son" — no imagination — stripped
orders, etc. Substitute orders.

Pitch

1. You have been ~~selected~~ to receive ③ 1 OF 5  Auto to Jewelry
2. Salesperson selected Bonus!
3. NOT A Contest / Sweepstakes.
4. 1/3 of purchase price. Cost of Bonus.
5. Marked up 50% —.
   TV cost $150 - price 250 On Sale now.
6. Picked ~~someone~~ to give a car - every year.
7. 1994 - last year gave car.
8. EH determined how things were given to Loaders.
9. Pitch Lines were Total Baloney - per EH

Rudi Garcia — $ motivated.
              on tapes, close fee collectors.

※ 11  "You have as good a chance as the next guy!"

Phyllis Blaue — worked for 8 ~~years~~. She saw it all letters. Typed for Rudi Garcia. Henson Howse Pizza - sample biz

1. Rush wrote pitches for Frontiers.

Kingpin of organization — straight salary plus bonuses.

(4)