UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-CR-GRAHAM

UNITED STATES OF AMERICA,
            Plaintiff,

v.

HANNIBAL PENNEY,
            Defendant.
_____/

### DEFENDANT HANNIBAL PENNEY'S SUPPLEMENTAL MEMORANDUM REGARDING EVIDENTIARY ISSUES PRESENTED BY GOVERNMENT'S ALLEGATION THAT THE HEXTER TAPES ARE LEGAL.

At the call of the calendar on February 20, 2002, before Magistrate Judge William C. Turnoff, the government raised the question of the status of defendant's motion regarding Edward Hexter's illegal tape recordings. The burden of proof at such a hearing clearly will be on the government, as the party seeking exemption from the exclusionary rule of 18 USC § 2515, but there is no road map for what they must prove because no one has gone there before. This memorandum is submitted to alert the court to two "order of proof" barriers that Mr. Penney does not believe the government can overcome.

**A. With the death of Edward Hexter, the government may not have competent evidence regarding essential elements they must establish.**

Mr. Penney has moved to exclude Ed Hexter's tape recordings as tainted by the illegal manner in which they were obtained. Pivotal to any judicial determination of the admissibility of these tapes will be questions of Ed Hester's motive, of Ed Hexter's intent, and Ed Hesxter's method in making the recordings in issue.



As the proponent of the "business extension exception," the government certainly has the burden of proof. With Ed Hexter's death, however, the government has no competent source of proof about issues which the judge, as the finder of fact, must make decisions.

Review of the cases cited by both the government and the defendant regarding illegal wiretapping show that there are factual showings the government must make regarding the "business extension exception." These include:

*What legitimate business interest Best Marketing, Inc. was protecting with its eavesdropping.

*What policies BMI had regarding eavesdropping.

*What notice was given to employees about eavesdropping policies at BMI.

*What procedures were in place to insure that only pertinent calls were intercepted.

*What equipment was used, was it telephone company equipment as the statute requires, who installed it, who operated it, and was it operated properly.

*Was the BMI taping system really a system for Hexter to pirate VCR copies of movies.

*Why are there "ghosts" or bleed-thru of multiple conversations on the VCR tapes made by BMI's system.

Usually it is the defendant who suffers when the government uses every second of delay permitted by the statute of limitations. Here, the government may have problems finding competent proof of the matters they must show. The government's memorandum relies on allegations of things that "every body knew" and on the anticipated testimony of

Marc Goldberg. Marc Goldberg's statement that the Hexter taping plan was implemented without his knowledge and that he, Goldberg, objected to the plan, speaks volumes.

The problem with Goldberg's testimony is that he himself was an aggrieved person, illegally wiretapped by Ed Hexter. He was not involved in the critical decision-making that led to the creation of the tapes Mr. Penney seeks to suppress. Goldberg is not competent to testify about Hexter's motive, Hexter's intent, or Hexter's method.

The availability of the eavesdropper is critical. *Chandler v. United States Army*, 125 F3d 1296 (9th Cir.1997), for example, makes reference to the interceptor 23 times in its opinion. *In re Grand Jury*, 111 F.3d 1066 (3d Cir.1997), mentions the illegal interceptor nine times in the first five pages of the opinion. There simply is no way for the court to make the findings urged upon it by the government without Ed Hexter's testimony, and he is not available.

**B. The government has not preserved the telephone system, so it cannot show that Hexter operated within the "business extension exception."**

The business extension exception finds its home in the wiretap statute's definitions. Title 18 USC § 2510(5)(a) excludes:

> any telephone or telegraph instrument, equipment or facility, or any component thereof (i) furnished to the subscriber or user by a provider of wire or electronic communication service in the ordinary course of its business and being used by the subscribe or user in the ordinary course of its business or furnished by such subscriber or user for connection to the facilities of such service and used in the ordinary course of its business....

The government appears to have seized and maintained the tape recording device that may have been used by Ed Hexter to carry out his eavesdropping, but the Eleventh Circuit has applied the rule that it is not the tape recorder that does the eavesdropping, but the telephone extension itself. The government does not appear to have seized or

3

maintained the telephone system or the component parts actually used by Hexter to carry out his eavesdropping. What these component parts were and whether they fall within the exemption of the statute is entirely a matter of conjecture.

**Conclusion:**

Conjecture is an insufficient basis for the court to except from the statutory exclusionary rule of Title III the tapes of Ed Hexter's illegal eavesdropping of Mr. Penney's telephone conversations.

Respectfully submitted,

William M. Norris
7685 S.W. 104th Street, Suite 220
Miami, FL 33156
Tel: 305-661-6118
Fax: 305-667-6161
Florida Bar No. 0309990
Attorney for Hannibal Penney

CERTIFICATE OF SERVICE

I HEREBY CERTIFIY that a true and correct copy of the forgoing supplement was mailed postage prepaid this 25th day of February, 2002 to: AUSA Ana Maria Martinez, 55 NE 4th Street, Miami, Fl 33132 and Albert Levin, Esquire, 888 Brickell Avenue, Fl 6, Miami, Fl 33131.

William M. Norris