UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-CR-GRAHAM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HANNIBAL PENNEY,

        Defendant.
_____/

## GOVERNMENT'S MEMORANDUM REGARDING PENNEY'S MOTION FOR DISCLOSURE OF PRIVILEGED COMMUNICATIONS IN RE ADVICE OF COUNSEL

The United States files this Memorandum Regarding Penney's Motion for Disclosure of Privileged Communications in re Advice of Counsel and states the following:

1. Following the representations of counsel for Hannibal Penney at the March 20, 2002, status conference in this cause, the United States was provided with the filings by Penney, which sought to compel disclosure of confidential communications between deceased co-conspirator Edward Hexter and his counsel, Samuel S. Fields, Esquire. Besides the issue of privileged communications, there appear to be two closely related evidentiary matters which are clear from the initial filing by Penney: (1) whether the alleged statements of Edward Hexter to Penney are hearsay [see p. 2 of the initial *Ex Parte* Motion for Ruling on Preliminary Question of Attorney-Client Privilege (served February 7, 2002)]; and (2) whether the defendant Penney would be entitled to a jury instruction on the defense of advice of counsel base upon the information sought.

2. A review of defendant Penney's initial motion shows that the privileged communications



of which he seeks disclosure are intended to buttress the following alleged hearsay statement:

> ...[S]ome six months before the company was shut down by an FBI raid, Mr. Penney was assured that Best was a legitimate company. Hexter bragged that he paid his lawyer $70,000 a year to "keep me legal" so that he, Hexter, would not have "to share a cell with Bubba."

Page 2, line 5, Defendant Hannibal Penney's *Ex Parte* Motion for Ruling on Preliminary Question of Attorney-Client Privilege. Penney has not alleged a basis on which this hearsay statement of a deceased co-conspirator should come into evidence. See Rules 801, 802, and 803 of the Federal Rules of Evidence.

    3. To the extent that Penney's motion seeks disclosure of privileged communications to buttress a defense of advice of counsel, his reliance on that defense is misplaced. In order to be entitled to the instruction, the defendant must show that (1) he fully disclosed all material facts to his attorney; and (2) he relied in good faith on advice given by his attorney. *United States v. Condon*, 132 F. 3d 653, 655 (11th Cir. 1998), *cert. denied*, *Brawner v. U.S.*, 523 U.S. 1088 (1998). The instruction should not be given if it lacks evidentiary support or is based upon mere suspicion or speculation. *Ibid.*

    4. In Penney's case, it cannot even be said that he relied upon his own counsel. Under the "facts" alleged at p. 2 of Penney's original motion, there is absolutely no reliance whatsoever upon counsel, as there was no attorney-client relationship between Penney and Sam Fields. The alleged reference to counsel by the now-deceased Edward Hexter does not indicate what if any aspect of the business was "legal" and what, if anything, his attorney had to do with such a determination. Penney even admits that Sam Field's representation of Ed Hexter deals with everything "from dog bite to divorce, with a few traffic infractions thrown in." See Penney's original motion, *supra*, p.2. Clearly, the statement in Penney's motion does not indicate whether a full and accurate report of all material

facts of which the <u>defendant</u> [Penney] had means of knowledge was made and whether the <u>defendant</u> [Penney] then acted strictly in accordance with advice given to him by that attorney. See Instruction 17, <u>Eleventh Circuit Pattern Jury Instructions-Criminal</u> (1997). The defendant Penney must show that he acted in good faith for the purpose of seeking advice concerning a question about which the defendant Penney was in doubt. This reliance must be made after a full and complete report to the attorney and the defendant Penney must act strictly in accordance with the advice received to be entitled to the instruction. *Ibid.* Neither Penney's motion nor the response filed on behalf of attorney Sam Field establishes an attorney-client relationship between Penney and Mr. Fields, or the requisite due diligence on Penney's part, to entitle him to an advice of counsel instruction in his defense.

                                            Respectfully submitted,

                                            GUY A. LEWIS
                                            UNITED STATES ATTORNEY

By: _____
        DEBRA J. STUART
        ASSISTANT UNITED STATES ATTORNEY
        Court No. A5500061
        505 South 2nd Street, Suite 200
        Ft. Pierce, Florida 34950
        Tel. No. (561) 466-0899/Fax: (561) 466-1020

<u>CERTIFICATE OF SERVICE</u>

The foregoing Memorandum was served by hand delivery this 26th day of March, 2002, to William Norris, Esquire, Albert Levin, Esquire, and Todd Sloan, Esquire, (the later appearing on behalf of Samuel S. Fields, Esquire).

_____
DEBRA J. STUART
ASSISTANT UNITED STATES ATTORNEY