UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-CR-GRAHAM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HANNIBAL PENNEY,

        Defendant.
_____/

## GOVERNMENT'S MEMORANDUM REGARDING STANDING TO FILE MOTION TO SUPPRESS TAPED EVIDENCE

The United States files this Memorandum Regarding Standing to File Motion to Suppress Taped Evidence and states the following:

1. Defendant Penney had filed a motion to suppress taped evidence which he alleges has been illegally recorded in violation of federal electronic surveillance statutes. As of this date he has not admitted that he is the individual on the recorded evidence.

2. Defendants lack standing to challenge the validity of wire intercepts when they are not parties to conversations illegally recorded or owners of the premises where the interception occurred. *United States v. Civella*, 648 F.2d 1167, 1171-72 (8th Cir. 1981). See also *In re Grand Jury Proceedings,* 841 F.2d 1048, 1053-54 (11th Cir. 1988). The necessity for establishing standing is as real in a case involving electronic interceptions as it is in any other case involving a motion to

suppress.

3. The defendant must admit standing to proceed on his motion to suppress taped evidence. The United States does not waive its right to insist that defendants Penney and / or Dudley establish standing to proceed on their motions to suppress. If they then decide to take the stand in their own defense at trial and claim that the voices on the tapes are not their voices, they may be impeached. The defendants cannot "have their law" both ways. They must admit that their voices are on the tapes or deny that their voices are represented on the tapes in question.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*
DEBRA J. STUART
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500061
505 South 2nd Street, Suite 200
Ft. Pierce, Florida 34950
Tel. No. (561) 466-0899/Fax: (561) 466-1020

## CERTIFICATE OF SERVICE

The foregoing Memorandum was served by hand delivery this 26th day of March, 2002, to William Norris, Esquire, and Albert Levin, Esquire.

*[signature]*
DEBRA J. STUART
ASSISTANT UNITED STATES ATTORNEY