

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-CR-GRAHAM

UNITED STATES OF AMERICA,

-vs-

ROBEY DUDLEY
and
HANNIBAL PENNEY,

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case.  When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendants guilty of the crimes charged in the indictment.



## DUTY TO FOLLOW INSTRUCTIONS

### PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

## DEFINITION OF REASONABLE DOUBT

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

3

### EVIDENCE-DIRECT AND CIRCUMSTANTIAL

### ARGUMENT OF COUNSEL AND COMMENT OF COURT

As stated earlier you must consider only the evidence that I have admitted in the case.  The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls.  What the lawyers say is not binding upon you.  Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the Defendant is either guilty or not guilty.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.  You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the person impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?

5

**IMPEACHMENT**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and that may depend on whether it has to do with an important fact or with only an unimportant detail.

**ACCOMPLICE - CO-DEFENDANTS - PLEA AGREEMENT - ADDICTIVE DRUGS**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a witness who was using addictive drugs during the time he or she testified about may have an impaired memory concerning the events that occurred during that time. Also, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

In addition, the Government called some of its witnesses, a person named as a co-defendant in the indictment, with whom the Government has entered into a plea agreement providing for the dismissal of some charges and a possibly lesser sentence than the witness would otherwise be exposed to for the offense to which he plead guilty. Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court. However, a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because he wants to strike a good bargain with the Government.

7

So, while witnesses of the kind referenced above may be entirely truthful when testifying, you should consider the testimony of persons who used drugs during the time they testified about, accomplices, co-defendants, and those with immunity and/or plea agreements with more caution than the testimony of other witnesses.

**SIDEBARS**

Sidebars were conducted occasionally throughout the trial. The conferences were not held for the purpose of keeping matters from you which would be proper to consider. Sidebar conferences are conducted to insure that testimony heard and exhibits received in evidence are in accordance with the law.

## SPECIAL INSTRUCTION REGARDING TAPED
## EVIDENCE WHERE CUSTOMER DID NOT TESTIFY

Certain tapes and corresponding transcripts were presented to you during trial which related a conversation between Mr. Dudley and/or Mr. Penney with a customer of Best Marketing, Inc. who did not appear in person as a witness. I specifically refer you to Exhibits 3a and 3b, which purport to be a conversation between "Ted Brown" and Dave Brownfield; Exhibits 10a and 10b, which purport to be a conversation between "Ted Brown" and Victor Bench; Exhibits 11a and 11b, which purport to be a conversation between "Dr. Grant Maxwell" and Rick Clark; Exhibits 15a and 15b, which purport to be a conversation between "Dr. Jim St. James" and Roy Baker; and Exhibits 16a and 16b, which purport to be a conversation between "Lincoln Green" and Dr. J. Gordon Longenecker. Since these customers were not present to testify, the customer statements are not admissible as evidence of the truth of those customers' statements, but are admissible for the sole and limited purpose of making the statements allegedly made by the defendants intelligible or easier to understand. Without hearing both of the parties to the conversation, the conversation would be meaningless, as listening to only one side of the conversation would not make much sense.

Because those customers are not here to testify and to be cross-examined, those statements of absent customers are <u>not</u> to be considered by you as evidence in the case to prove the truth of those customer statements.   For example, if a statement was made during a taped conversation such as "Hello, I am John Doe, calling from Hawaii," you cannot consider that recorded statement to establish the truth of whether the person making the statement was in fact John Doe, or whether that person was calling from Hawaii. You <u>can</u>, however, consider any recorded statements allegedly made by either defendant, as well as any other evidence in the record, and you may accord such evidence whatever weight you deem appropriate.   Once again, you cannot consider the recorded statement of the customer as evidence of the truth of the matter asserted by the customer.

## INTRODUCTION TO OFFENSES INSTRUCTION

In this case, as you know, the indictment charges 20 separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count 1 charges that the Defendants knowingly and willfully conspired with others to commit wire fraud offenses in order to obtain money from customers by knowingly and willfully making false and misleading statements, representations and promises and by knowingly and willfully concealing and omitting material facts in order to induce customers to send money to Best Marketing, Inc. Counts 2 through 20 charge the commission of what are referred to as substantive offenses, namely that the Defendants, respectively, committed wire fraud offenses. I will explain the law governing those substantive offenses in a moment.

First, however, as to Count 1, you will note that the Defendants are not charged in that Count with committing a substantive offense; rather they are charged with having conspired to do so.

12

## COUNT 1

## <u>CONSPIRACY CHARGE</u>
## 18 USC § 371

Count 1 of the indictment charges the defendant with violating Title 18, United States Code, Section 371.

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense, it is <u>not</u> necessary for the Government to prove that all of the people named in the indictment were members of the scheme; <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement; <u>or</u> that the members had planned together <u>all</u> of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that

the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case <u>must</u> show beyond a reasonable doubt is:

<u>First</u>:    That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

<u>Second</u>:    That each Defendant, or either of them, as the evidence will indicate respectively, knowing the unlawful purpose of the plan, willfully joined in it;

<u>Third</u>:    That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

<u>Fourth</u>:    That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

14

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has an understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

COUNTS 2 - 20

**WIRE FRAUD**
18 U.S.C. § 1343

Counts 2 through 20 of the indictment charge the defendants with violating Title 18, United States Code, Section 1343. Specifically, defendant Robey Dudley is charged with this offense in Counts 2-10, and defendant Hannibal Penney is charged with this offense in Counts 11-20.

Title 18, United States Code, Section 1343, makes it a Federal crime or offense for anyone to use interstate wire communications facilities in carrying out a scheme to defraud.

A Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:     That a Defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false statements, pretenses, representations or promises; and

Second:    That the false statements, pretenses, representations or promises were material;

Third:     That the Defendant did so willfully and with an intent to defraud; and

Fourth:    That the Defendant transmitted or caused to be transmitted by wire in interstate commerce, some communication for the purpose of executing the scheme to defraud.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by means of false or fraudulent statements, pretenses, representations, or promises.

A statement, pretense, representation or promise is "false" or "fraudulent" if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement, pretense, representation or promise may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, with intent to defraud. A "material fact" is a fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction.

A false statement, pretense, representation or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, ordinarily for the

17

purpose of causing some financial loss to another or bringing about some financial gain to one's self.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material transmitted by wire was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud; or that a Defendant personally used the wire communication facility.

What must be proved beyond a reasonable doubt is that a Defendant, with intent to defraud, knowingly and willfully devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the indictment; and that the use of the interstate wire communications facilities was closely related to the scheme because such Defendant either used, or caused to be used, wire communications facilities in interstate commerce in an attempt to execute or carry out the scheme.

To "cause" interstate wire facilities to be used is to do an act with knowledge that the use of such facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud constitutes a separate offense.

## AIDING AND ABETTING
## 18 U.S.C. § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of a defendant are willfully directed or authorized by that Defendant, or if that Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds that Defendant responsible for the conduct of that other person just as though that Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others, it is necessary that a Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that a Defendant was a willful participant and not merely a knowing spectator.

### ON OR ABOUT - KNOWINGLY - WILLFULLY

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

## CAUTION-PUNISHMENT

A separate crime or offense is charged against one or more of the Defendants in each count of the indictment. Each offense, and the evidence pertaining to it, should be considered separately. Also, the case of each Defendant should be considered separately and individually. The fact that you may find any one or more of the Defendants guilty or not guilty of any of the offenses charged should not affect your verdict as to any other offense or any other Defendant.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty. The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the Defendant is convicted the matter of punishment is for the Judge to determine.

## DUTY TO DELIBERATE

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

## VERDICT

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[EXPLAIN VERDICT]

You will take the verdict form to the jury room along with my jury instructions, a copy of the indictment and the evidence. When you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the court security officer who will bring it to my attention. The question and/or message should be dated and signed by the foreperson with the foreperson's name printed below the signature. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you directly. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.