UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00627CR-GRAHAM



UNITED STATES OF AMERICA,

        Plaintiff,

v.

HANNIBAL PENNEY,

        Defendant.

_____/

### DEFENDANT HANNIBAL PENNEY'S MOTION TO VACATE CONVICTION FOR FAILURE OF THE INDICTMENT TO ALLEGE A WIRE FRAUD "SCHEME."

The counts of conviction in the indictment in this cause insufficiently allege the wire

fraud "scheme" with which Hannibal Penney was charged and for which, in some counts, he was

convicted. This failure to plead a "scheme" requires vacation of Mr. Penney's convictions.

At page 16 of the indictment, there is a cursory one paragraph allegation of wire fraud,

the only violation for which Mr. Penney was found guilty.

### WIRE FRAUD

On or about the dates enumerated, as to each count below, at Lauderhill,
Broward County in the Southern District of Florida, and elsewhere, for the
purpose of executing and in fortherance of the aforesaid scheme and atrifice to
defraud and for obtaining money and property by false and fraudulent pretensed,
representation and promised, and attempting to do so, the defendants as described
in each count below, did knowinlge and willfully transmit and cause to be
transmitted in interstate and foreign commerce by means of wire communications
certain signals and sound as more particularly described below:
This is the entire wire fraud allegation in the counts of conviction.

The prosecution hung the sum total of its allegations as to a wire fraud "scheme"

1



in the wire fraud portion of the indictment on the acquitted "scheme" spelled out in the conspiracy count. The indictment does not spell out any other so-called "achem" or "artifice to defraud" under its wire fraud allegations, rather, the prosecution simply predicated its fire fraud accusationon on the following language: "for the purpose of executing and in furtherance of the aforesaid scheme and arifivce to defraud." No other method by which this defendant is alleged to acommitted wire fraud exists; the indictment reallges the conspiracy in Count I for which Mr. Penney was acquitted by the jury!

In *United States v. Adkinson (Adkinson I)*, 135 F.3d 1363 (11th Cir.1998), and *United States v. Adkinson II)*, 158 F.3d 1147 (11th Cir.1998), the Eleventh Circuit Court of Appeals labored to make sense of the wire fraud statute and the way in which the prosecution chose to plead violations of this statute. These cases teach that a specific "scheme" must be spelled out in the indictment of a fire fraud case as a scheme is an essential element of the offense of wire fraud. *Adkinson I* says" "18 U.S.C. § 1344 requires allegation and proof of both a scheme and an execution of the scheme to sustain a conviction for bank fraud." No such allegations are made in the wire fraud indictment in this case. This court admonished the jury that "The defendant is on trial only for those specific offenses alleged in the indictment." By this motion, Mr. Penney seeks the protection of that admonition and the protection of *Adkinson I* and *Adkinson II*.

In essence, this motion contends:

      A. An essential element of the wire fraud offense is missing from the indictment, and;

      B. Therefore, no independent scheme could have been contemplated or considered by the jury in its deliberations on the wire fraud charge, and;

C. The defendant was denied his constitutional rights to notice and opportunity to

defend against allegations of such a scheme, and;

D The wire fraud indictment is therefore insufficient, and;

E. The wire fraud convictions must be over turned.

In *Adkinson II*, the Court said:

> We have labored long over this case. It has consumed an enormous amount of judicial resources. We have done so out of a firm belief that something went awry in the trial of this matter. The Constitution guarantees each of us fundamental fairness. This means that each of us has the right to know with what we are charged, to proceed to trial on only those charges, and to have the evidence marshaled against us carefully weighed as to its relevancy to those charges. Although we have sought to protect these guarantees in the context of the trial of these specific defendants, we do so with no opinion as to their ultimate guilt or innocence. We do so to serve the system which protects us all.

In *Adkinson I*, the Court had set the conceptual premise that supports Mr. Penney's motion:

> Defendants also challenge their convictions of Counts II and III, alleging that these counts are defective for two reasons: first, the counts fail to allege "execution" of the bank fraud; and, second, Counts II and III are unsupported by allegations of an underlying bank fraud "scheme." Both of these claims have merit 18 U.S.C. § 1344 requires allegation and proof of both a scheme and an execution of the scheme to sustain a conviction for bank fraud. In this case, the execution of any scheme was never alleged, and the description of the scheme itself was redacted away - consigned to the ash can.

\* \* \*

2. The Scheme

The Indictment which ultimately charged these defendants contains no description of the bank fraud scheme they were alleged to have perpetrated. Count II charges that defendants devised a scheme t o defraud Hill; Count III charges that defendants devised a scheme to defraud Vision Banc. Originally, a scheme to defraud Hill and Vision Banc had been described in Count I and incorporated by reference into Counts II and III.

\* \* \*

The complete elimination of the bank fraud scheme from Count I left Counts II and III with no scheme to be incorporated by reference.

* * *

In summary, the failure of Counts II and III to sufficiently allege the underlying scheme to defraud Hill and Vision Banc respectively is fatal.

Beyond *Atkinson I* and *Adkinson II*, the Eleventh Circuit Court of Appeals has restricted the government's use of the wire fraud statutes. See eg, United States v. Rogers, 228 F.3d 1318 (11th Cir.2000); *United States v. Brown*, 79 F.3d 1550 (11th Cir.1996); *United States v. Haimowitz*, 725 F.3d 1561 (11th Cir.1984). In Mr. Penney's case, the failure of the indictment to allege the underlying scheme to defraud is fatal and his conviction should be reversed.

Respectfully submitted,

William M. Norris
7685 SW 104th Street, Suite 220
Miami, Florida 33156
Tel: 305-661-6118
Fax: 305-667-6161
Attorney for Hannibal Penney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was hand delivered to the Office of the United States Attorney, Attention AUSA Annie Martinez, 99 NE 4th Street, Miami, Fl. 33132, this 8th day of July, 2002.

William M. Norris

4