UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-CR-GRAHAM

UNITED STATES OF AMERICA

v.

HANNIBAL PENNEY

_____/

**NIGHT BOX FILED**

JUL 2 2 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### GOVERNMENT'S SECOND RESPONSE TO DEFENDANT PENNEY'S MOTION TO VACATE CONVICTION

The United States of America, by and through its undersigned Assistant United States Attorney, respectfully files this second response addressing the merits of defendant Penney's belated motion to vacate his conviction "for failure of the indictment to allege a wire fraud scheme." [1] In summary, Penney incorrectly describes the indictment, and cites cases that do not apply here. The motion does not have any sound basis.

### The indictment

Penney claims the indictment insufficiently alleges a wire fraud "scheme." However, Penney ignores significant portions of the indictment. Penney claims that the allegation of wire fraud is contained only in paragraph 32. Penney is incorrect.

---

[1] The government previously noted that the motion is out of time. Because the defendant did not state under which rule he was proceeding, the government does not know on what basis the defendant would claim that his motion is timely. Fed. R. Crim. P. 12(b) (2) provides that challenges to the indictment must be made pretrial. Otherwise they are waived under Rule 12(f). The government recognizes that a motion alleging that the indictment fails to charge an offense may be considered by the court "at any time during the pendency of the proceedings." Fed. R. Crim. P. 12(b)(2). However, in this case it is not clear whether the defendant claims that the indictment fails to charge an offense, in part because Penney's motion ignores some of the paragraphs of the indictment. The government also previously noted that if the motion is viewed either as a motion under Rule 29 or Rule 33, both those rules require motions to be filed within seven days of the jury's verdict. The time limits under those rules are jurisdictional.



The indictment's allegations are detailed and thorough. They cover numerous pages that Penney ignores.

In part, with respect to the substantive wire fraud counts, the indictment states *in part*:

COUNTS 2-31

*30. Paragraphs two through twenty-nine of Count I of this indictment are realleged and incorporated by reference as though fully set forth herein.* (emphasis is added)

31. From at least 1991, to at least on or about July 17, 1996, in Broward County, in the Southern District of Florida, and elsewhere, the defendants, . . . [names listed] knowingly and willfully devised and intended to devise a scheme and artifice to defraud and for the purpose of obtaining money from persons throughout the United States by means of false and fraudulent pretenses, representations and promises, well knowing that said pretenses, representations and promises, would be and were false when made, *as set for in paragraph 30, supra.* (emphasis is added)

WIRE FRAUD

32. On or about the dates enumerated as to each count below, at Lauderhill, Broward County, in the Southern District of Florida, and elsewhere, for the purpose of executing and in furtherance of *the aforesaid scheme and artifice to defraud and for obtaining money and property by false and fraudulent pretenses, representations and promises*, and attempting to do so, the defendants as described in each count below, did knowingly and willfully transmit and cause to be transmitted in interstate and foreign commerce by means of wire communication certain signals and sounds, as more particularly described below: . . . [each count then lists a specific call]. (emphasis added)

Penney's focus is only on paragraph 32. He ignores everything else. He ignores that a detailed description of the scheme is contained in the paragraphs 2 through 29 that are incorporated by reference into paragraph 30. Paragraphs 2 to 29 cover pages 3 to 12 of the indictment. These allegations are part of both the conspiracy charge, where they are initially

2

stated, and they are also part of the substantive counts, into which they are incorporated by reference.

The paragraphs incorporated by reference contain a background section which describes Best Marketing, Inc. and its business, and each of the defendants, the years of their participation and their role in the company. The allegations also contain a description of the object of the conspiracy, a detailed description of the manner and means of the conspiracy, and overt acts. These paragraphs provide a detailed description of the wire fraud scheme.

### The law

In addition to incorrectly describing the indictment, Penney incorrectly cites to cases that do not apply here. Penney principally relies on U.S. v. Adkinson, 135 F.3d 1363 (11th Cir. 1998). Adkinson was a case with unusual circumstances completely inapplicable here.

At the time of the Adkinson trial, the law in this circuit was that a conspiracy charged pursuant to 18 U.S.C. §371 had to claim that the government was a victim. However, it was anticipated that the Eleventh Circuit was going to reject this proposition (which the Eleventh Circuit did do). Anticipating the change in the law, the trial court permitted the government to go through a lengthy trial on various charges, including a multiple object §371 conspiracy. The objects included defrauding government and non-government entities (banks). After the government rested its case, however, the law still had not changed. Section 371 still could not be used to charge a conspiracy to defraud non-government entities. At that point, the trial court redacted large portions of the indictment. The redaction was so extensive that it removed the allegations that described the scheme to defraud. Under these circumstances, the case went to the

jury with insufficient allegations on some of the charges. The Court of Appeals vacated some of the convictions for that reason.

Penney cites Adkinson without explaining the context. Adkinson does not apply here. In this case the indictment described the scheme to defraud.

Penney mentions (without elaborating) that he was acquitted on count 1 (the conspiracy count). He may be suggesting that this removed the scheme allegations of paragraphs 2 to 29. However, a jury's verdict on a count does not alter the indictment as alleged. Also, allegations that are incorporated by reference are the same as if they had been repeated. They were not just part of count 1. They were separately also part of the substantive counts.[2]

---

[2] Penney relies on other cases that are inapplicable. The second Adkinson decision related to sufficiency of the evidence, not sufficiency of the indictment. United States v. Adkinson, 158 F.3d 1147 (11th Cir. 1998). The same is true of United States v. Brown, 79 F.3d 1550 (11th Cir. 1996), and United States v. Haimowitz, 725 F.2d 1561 (11th Cir. 198), cert. denied, 469 U.S. 1079 (1984). Penney also relies on United States v. Rogers, 228 F.3d 1318 (11th Cir. 2000), a case dealing with Apprendi issues. However, Rogers was rejected by the Eleventh Circuit in its *en banc* decision in United States v. Sanchez, 269 F.3d 1250, 1278-79 (11th Cir. 2001).

## Conclusion

Penney's claim that the indictment was insufficient is based on an incorrect description of the indictment, and relies on cases that are inapplicable here. Therefore, the United States respectfully requests that the motion be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
ANA MARIA MARTINEZ
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0735167
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9431
Fax: (305) 530-6168

### CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2002, a true and correct copy of the foregoing was hand delivered to William Norris, Esq., 7685 S.W. 104th St., Suite 220, Miami, FL 33156.

_____
ANA MARIA MARTINEZ
ASSISTANT UNITED STATES ATTORNEY