UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-CR-GRAHAM

UNITED STATES OF AMERICA

v.

HANNIBAL PENNEY
_____/

NIGHT BOX FILED
NOV - 7 2002
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

### GOVERNMENT'S MEMORANDUM REGARDING THE ACTUAL LOSS AND RESTITUTION DUE ON COUNT 17

The United States of America, by and through its undersigned Assistant United States Attorney, respectfully files this Memorandum regarding the actual loss and restitution due on count 17. As explained below, the amount determined by the court at the sentencing hearing was correct.

This Court sentenced Penney on October 31, 2002. At that hearing, the defense claimed that there was no actual loss on count 17, because allegedly the sale amount had been refunded to the victim, Mr. Bayer. The undersigned's recollection was that there had not been a refund of the sale involved, which took place on May 7, 1996. Counsel for Penney recalled a mention of a refund during Mr. Bayer's testimony. The Court gave the parties an opportunity to review the sales records and the trial testimony to clarify the question raised by the defense.

The undersigned has reviewed both the Bayer sales file and Mr. Bayer's complete trial testimony. Neither the records nor the testimony show any refund of the $999.95 involved in the sale. Thus, the actual loss to the victim for this telemarketing sale was correctly determined to be

1

$732.31. As explained at the hearing, this is the sale amount minus the exact invoice amounts for the premiums and advertising items that the records show were sent to Mr. Bayer. The premium value was reduced from the loss amount even though Mr. Bayer's testimony was that he did not recall receiving it.

Defense counsel's idea that there was a refund could have come from the following facts. Penney initially tried to make the sale on May 7, 1996 for $1,999.95. The records reflect that Penney had to drop the sale to $999.95.

In addition, at trial Mr. Bayer testified that he had bought from another Best Marketing salesman in the past, and that he had been disappointed. In that prior occasion, Mr. Bayer was able to obtain a credit back on his credit card. That refund is unrelated to the actual loss on count 17. Still, these details may explain why defense counsel had the idea that there had been a refund.

For the reasons stated, the United States submits to the Court that the specific actual loss and the restitution owed on count 17 was correctly calculated by the Court.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
ANA MARIA MARTINEZ
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0735167
99 N.E. 4th Street
Miami, Florida 33132
Tel: (305) 961-9431
Fax: (305) 530-6168

CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2002, a true and correct copy of the foregoing was mailed to William Norris, Esq., 7685 S.W. 104th St., Suite 220, Miami, FL 33156.

_____
ANA MARIA MARTINEZ
ASSISTANT UNITED STATES ATTORNEY