UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6270-CR-GRAHAM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HANNIBAL PENNEY,

        Defendant.
_____/

## DEFENDANT HANNIBAL PENNEY'S MOTION FOR BOND PENDING APPEAL.

COMES NOW Defendant Hannibal Penney, by counsel, and moves pursuant to Rule 46(c), *Fed.R.Crim.P.*, and 18 U.S.C. § 3143 for release on bond pending appeal of his judgment and conviction to the Eleventh Circuit Court of Appeals.

Mr. Penney moved for such release at the conclusion of his sentencing hearing. That motion was denied, without prejudice to resubmit the issue to the court. By this motion, Mr. Penney again asks the Court to permit him to pursue his appeal before he begins, and in this case almost certainly complete, service of his sentence of incarceration. Mr. Penney is scheduled to begin service of his sentence on January 3, 2003, so this motion is ripe.[1]

---

[1] The Bureau of Prisons has not yet advised Mr. Penney of the facility to which he has been designated.

1

Mr. Penney submits that he has carried the burden placed on him by Rule 46(c): "The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Mr. Penney suffered the Federal Bureau of Investigation's raid of his employer in July of 1996. He has lived with the threat and then the reality of the charges in this criminal prosecution ever since. He has not fled. He poses no danger to any other person or to the community. By satisfying the burden of Rule 46, Mr. Penny also satisfies 18 U.S.C. § 3143(b)(1)(A), having by his own conduct during the past six and one half years shown clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community.

Mr. Penney stands convicted of defrauding a specific few of the many people he called during the almost six months he worked at Best Marketing, Inc. This offense is not one those enumerated in 18 U.S.C. § 3142(f)(1)(A)(B), or (C), so release pending appeal is permitted by 18 U.S.C. § 3143(b)(1)(B), if this Court finds that Mr. Penney's appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for new trial, or a sentence that does not include a term of imprisonment.

Since the time of Mr. Penney's oral motion for release pending appeal, the government has filed its own notice of appeal. Under 18 U.S.C. § 3143(c), this fact does not change the legal standard the Court should apply in considering this motion. However, the government's notice of appeal does increase the likelihood that Mr. Penney

will have completed his sentence before the Eleventh Circuit completes its review.[2]

This Court presided over a three week long trial in April of 2002, which resulted in the acquittal of Mr. Penney on the most serious charge, conspiracy, and on half of the substantive fraud charges brought by the government. Mr. Penney's codefendant, Roby Dudley, was entirely exonerated by the jury. Since the jury found Mr. Penney not guilty on half of the substantive fraud charges, a different ruling on even one of the many contested issues subject to Mr. Penney's appeal could have resulted in the jury's complete exoneration of him as well as Mr. Dudley.

Mr. Penney seeks appellate review of a number of issues. While often raised, challenges to sufficiency of the evidence rarely succeed because they have little merit. Given the scorched path to the sea the jury cut through the government's case, the validity of the government's theory of the case and the adequacy of the evidence to support it are prime candidates for review in this case. The jury's verdict seems to be based on some differences they perceived in the tape recorded conversations between Mr. Penney and his client. These tape recordings should have been suppressed. The court's conclusion that the "Business Extension Exception" permitted their introduction into evidence was error, permitting the exception to replace the rule. It was Mr. Penney's contention at trial that he joined a going concern in January 1996, a business that represented itself as having engaged in legitimate business for ten years. The court erred by prohibiting Mr. Penney from developing this public face, the face shown to Mr. Penney as well as the public at

---

[2] Mr. Penney's record was completed in mid-November, permitting issuance of a briefing schedule that would have required filing of his initial brief by early January, 2003. This anticipated schedule is delayed by the government's filing of notice of appeal, since the Clerk is awaiting their record designations.

large, by calling and examining the attorney for the company who dealt with the disgruntled public and with law enforcement on behalf of Mr. Penney's employer. Given the jury's acquittal on the conspiracy count, the remaining fraud charges may have been legally insufficient in their pleading of a scheme to defraud. There are additional issues which Mr. Penney will raise.

Clearly, this appeal is not for purposes of delay. Several of the issues raise questions of fact and of law about which reasonable men could differ. While Mr. Penney recognizes that this Court would not have ruled on an issue in a way the Court believed to be wrong, that, fortunately, is not the standard for release pending appeal. Mr. Penney simply must show that there is "a substantial question of law or fact likely to result in ... reversal, ... an order for a new trial, ... [or] a sentence that does not include a term of imprisonment."

Even given the fact of his conviction, Mr. Penney fell within Zone C of the Sentencing Guidelines only because the Court added a Criminal History point, unscored by the probation officer, for a driving under the influence conviction in 1984. Had this point remained unscored, or had the court exercised its discretion to view the impact of this ancient event on Mr. Penney's criminal history category as overstating his past transgressions, Mr. Penney would have fallen in Zone B of the Sentencing Guideline sentencing chart. An alternative sentence would have been permitted.

In short, Mr. Penney falls on the bottom edge of each of the several decisions that have resulted in the imposition of a sentence of incarceration. Had any of these phases of the case, the court's rulings, the criminal history scoring, or the exercise of discretion to treat criminal history as overstated, gone the other way, Mr. Penney would not be going

4

to jail. Given the extremely close nature of the series of judgment calls that, cumulatively, are sending Mr. Penney to jail, this is an appropriate case to permit the defendant to be released pending appeal so that this series of judgment calls can be reviewed..

Respectfully submitted,

/s/ William M. Norris
William M. Norris
William M. Norris, P.A.
7685 S.W. 104 Street, Suite 220
Miami, Fl 33156
Tel. 305-661-6118
Fax. 305-667-6161
Attorney for Hannibal Penney

Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed postage prepaid this 19th day of December, 2002; to:
AUSA Anna Martinez
99 NE 4th Street
Miami, FL 33132

/s/ William M. Norris
William M. Norris