UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 00-6270-CR-GRAHAM |
| Plaintiff, | |
| vs. | |
| HANNIBAL PENNEY, | |
| Defendant. | REPORT AND RECOMMENDATION |

Court-appointed defense counsel William M. Norris submitted a voucher in two parts (Part I covering 6/20/01 to 4/30/02 and Part II covering 5/1/02 to 1/4/03) requesting $37,639.79 and $7395.37, respectively, for attorney's fees and expenses, pursuant to the Criminal Justice Act (CJA). Attorney Norris represented Mr. Penney for the roughly eighteen month period of service described above through sentencing and the filing of an appeal. The voucher was referred to the undersigned by the Honorable Donald L. Graham for a report and recommendation as to the appropriateness of the fees requested. *28 U.S.C. Sec. 636(a); Local Magistrate Judge Rules*. The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority to determine what is a reasonable expense or a reasonable use of billable time. See *U.S. v. Linney*, 134 F.3d 274, 281 (4th Cir. 1998) (*citing U.S. v. Stone*, 53 F.3d 141, 143 (6th Cir. 1995)).

### DISCUSSION

This Court's CJA Administrator reviewed both parts of the voucher for compliance with CJA guidelines and mathematical correctness prior to the undersigned's review. The CJA

Administrator adjusted the allocation of both in-court and out-of-court hours, fees and expenses claimed for Part I of the voucher to $36,465.63. The CJA Administrator adjusted the allocation of out-of-court hours, fees and expenses claimed for Part II of the voucher upwards to $7,761.98 *(Copy of voucher and time sheets attached hereto)*.

In making this recommendation, the undersigned reviewed both parts of the adjusted voucher and the appended time sheets. The undersigned also met with Mr. Norris in person on 3/11/03, and carefully reviewed the time sheets with him at that time. During the meeting, Mr. Norris, who was very cooperative, explained why the voucher amounts exceed the statutory cap for CJA attorney compensation and which is discussed in his letter to me dated 2/28/03 and delivered on 3/6/03 *(See copy attached)*. As a result, I am satisfied that counsel documented actual time spent on the case and, for the most part, find the time billed to be reasonable. There is some out-of-court time claimed, however, which appears to be excessive and for which I am recommending be modified as follows:

VOUCHER PART I

a. Interviews:
10/31   Tel. Conf. with client re calendar call options and strategy, from 1.20 to .50
4/1     Meeting with Robin Davis at her residence, from 4.2 to 3.0
4/4     Office Conference with client - "what's left", from 4.8 to 4.0
4/5     Conference with client re trial issues, "to do" list, status of preparation, from 6.4 to 5.4
4/19    Postmortem with client, from 2.0 to 1.0
4/22    Confer with client *(second conference listed with client for this date)* from 1.0 to 0
4/26    Conference with client re sentencing guidelines, BOP placement guidelines, meaning of facility designations, from 2.5 to 1.5

(Reduction of 6.7 hours)

b. Obtaining and reviewing records:
4/13    Office Depot/Purchase notebooks and divider tabs for authorization transcripts, from 1.5 to .5

4/14    Finish inserting tabs, check to insure all notebooks complete (some pages skipped during copy runs), from 3.4 to 1.4

(Reduction of 3.0 hours)

c. Legal research:

9/10    Start motion to serve subpoenas, from 1.8 to 1.0
10/2    Final edit on subpoena motion, complete subpoenas, file with court, from 2.6 to 2.0
2/4     Research at UM law library - treatises and cases on attorney client privilege, from 4.5 to 2.5
2/20    Final edit on Reply to Attorney Client response, from 1.8 to 1.0
3/22    Print copies of all documents relating to hearing issues, from 1.2 to .20 (*this is office clerk work*)

(Reduction of 5.2 hours)

Based on the foregoing, I am therefore recommending that Mr. Norris be paid the voucher **(Part I)** amount of $36,465.63, as modified, less $819.50 for 14.9 out-of-court hours @$55/hour, for a total of **$35,646.13.**

## VOUCHER PART II

As for Part II of the voucher, it also appears to include some out-of-court time which appears to be excessive for an experienced attorney as Mr. Norris, and for which I am recommending be modified as follows:

c. Legal research and brief writing:

5/28    Begin review of client's box of materials on sufficiency of indictment, Read *Adkinson I & II, Russell* and *Rogers* re sufficiency of indictment, failure to plead scheme in substantive counts independent of conspiracy, from 5.8 to 3.8
6/27    Begin *Adkinson* motion, from 3.2 to 2.2
7/9     Complete, hand deliver *Adkinson* motion, from 3.0 to 2.0

(Reduction of 4.0 hours)

Based on the foregoing, I am therefore recommending that Mr. Norris be paid the voucher **(Part II)** amount of $7,761.98, as modified, less $360 for four (4) out-of-court hours

@$90/hour[1], for a total of **$7,401.98.**

In accordance with 28 U.S.C. §636(b)(1)(C), the parties shall have ten (10) days from receipt of this Report and Recommendation in which to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Respectfully submitted this ___ day of March, 2003.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Donald L. Graham
      William M. Norris, Esq.

---

[1] The CJA court-appointed attorney's fee was increased from $55/hour to $90/hour as of 5/1/02.

# WILLIAM M. NORRIS, P.A.
ATTORNEY AT LAW
MEMBER: THE FLORIDA BAR, VIRGINIA STATE BAR
BOARD CERTIFIED CRIMINAL APPEALS SPECIALIST

---

OFFICES AT PINECREST II
7685 S.W. 104TH STREET, SUITE 220
MIAMI, FLORIDA 33156-3161
TELEPHONE: (305) 661-6118
FAX:       (305) 667-6161

February 28, 2003

Honorable Peter R. Palermo
United States Magistrate Judge
Miami, Florida

Re: Criminal Justice Act vouchers for attorney time and expenses in United States v. Hannibal Penney, Case No. 00-6270-CR-GRAHAM.

Dear Judge Palermo:

    I submitted my voucher in two installments in the captioned case, divided with the change in reimbursement rates. As it happened, the initial voucher covered activities through verdict. Copies of both vouchers are attached. The claim in these vouchers considerably exceeds the cap for attorney compensation.

    There are a number of reasons for the extensive amount of time I had to commit to this case. It was a three week trial, with massive discovery, an even more massive library of material seized by the Federal Bureau of Investigation in 1996 from the defendant's business that provided data for the defense, many thousands of hours of tape recorded conversations, many potential witnesses, some complex legal issues and a complex client. I worked it up for trial twice. The first trial date in November, 2001, was postponed when I discovered a significant potential witness, who created a conflict for the public defender. Albert Levin was appointed and I worked the case up for a second time, to a trial in April, 2002.

    The client, Hannibal Penney, is an intelligent and well-educated man. He has a Masters in Fine Art degree from Yale University. Preparation of the

Honorable Peter R. Palermo
Re: Penney Voucher
February 28, 2003
page 2

defense was an all consuming matter for him and he made commensurate demands on my time and attention. He did a great deal of research, both legal and informational, principally on the internet, which he developed in to long, detailed memoranda of instruction to me. These were followed up with numerous lengthy telephone calls. Mr. Penney's occupation was telemarketer. I encountered many former customers who said they only bought from Mr. Penney to get rid of him. I can vouch for the fact that the man simply could not be ignored.

Two issues give a sense of the complexity of the case.

When Mr. Penney went to work at Best Marketing, Inc., the owner, Edward Hexter told him that the company had a lawyer who "kept them legal." Hexter died before trial. His statement was hearsay. However, during trial preparation, I discovered that the FBI had seized billing records submitted by Sam Fields, a lawyer with Ruden, McClusky during the period of 1991 to 1996. Fields refused to talk to me. I reviewed all of the billing records, discarding personal services and non-pertinent services. I was still left with an extensive business-related billing record. I attempted to develop non-privileged, public record sources for this information, but was frustrated by the passage of so many years. Penney did not have a traditional "good faith reliance on advise of counsel" defense since he had never spoken to Fields. However, Fields' activities reflected on criminal intent in the conspiracy. I researched and briefed a motion for pre-trial ruling on the attorney-client privilege issue raised by Fields and his firm. Judge Graham up held the claim of privilege, but allowed me to call Fields at trial and ask some general questions about the scope of his representation of Ed Hexter and Best Marketing, Inc.

A second issue arose from the fact that in roughly February, 1996, Ed Hexter installed a recording system that continuously recorded twenty of the telephone lines at BMI. The substantive counts in the indictment were based on recorded sales presentations generated by this recording system. The government initially claimed that these were consensual recordings, but this

Honorable Peter R. Palermo
Re: Penney Voucher
February 28, 2003
page 3

was shown not to be the case. I researched and wrote a memorandum to suppress the tapes under the suppression provision of the federal wiretap statute. The government claimed "clean hands," which probably is not an available defense to suppression in a wiretap context, and claimed that the recordings fell into a "business extension exception." We had two days of hearing and argument on the wiretap issue. Judge Graham found that the business extension exception applied and denied the motion to suppress in a fifteen page opinion. This is now a principal issue on appeal.

    At trial, the defense presented an alternative theory of the case to the jury. Because of my hard work and many hours of preparation, the jury acquitted both defendants on the conspiracy count and acquitted my client on about half of the substance fraud charges. Co-counsel Albert Levin obtained acquittals for his client across the board, but he used my work. The difference in result is because Mr. Levin simply has more charm and good looks than I do.

    I would be pleased to provide any addition information you might wish to assist your review of my claim.

                                    Very truly yours,

                                    William M. Norris

# CJA 20 APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | VOUCHER NUMBER |
|---|---|---|
| FLS | Hannibal, Penny | FLS 02 3728 |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| | 0:00-006270-005 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| U.S. v. Hannibal (Graham) | Felony | Adult Defendant | Criminal Case |

**11. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 371.F -- CONSPIRACY TO DEFRAUD THE UNITED STATES

**12. ATTORNEY'S NAME AND MAILING ADDRESS**
Norris, William M.
7685 SW 104 Street, Ste. 220
Miami FL 33156

Telephone Number: (305) 661-6118

**14. NAME AND MAILING ADDRESS OF LAW FIRM**
William M. Norris, PA
7685 SW 104 Street, Ste. 220
Miami FL 33156

**13. COURT ORDER**
- [X] O Appointing Counsel
- [ ] C Co-Counsel
- [ ] F Subs For Federal Defender
- [ ] R Subs For Retained Attorney
- [ ] P Subs For Panel Attorney
- [ ] Y Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____

[ ] Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case,
or
[ ] Other (See Instructions)

Signature of Presiding Judicial Officer or By Order of the Court
Date of Order: 4/20/01    Nunc Pro Tunc Date: 7-23-01

Repayment or partial repayment ordered from the person represented for this service at time of appointment. [ ] YES  [ ] NO

| | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| 15. In Court | a. Arraignment and/or Plea | | | | | |
| | b. Bail and Detention Hearings | | | | | |
| | c. Motion Hearings | 11.8 | | 7.2 | | |
| | d. Trial | 92.3 | | 78.4 | | |
| | e. Sentencing Hearings | | | | | |
| | f. Revocation Hearings | | | | | |
| | g. Appeals Court | | | | | |
| | h. Other (Specify on additional sheets) | | | 4.3 | | |
| | (Rate per hour = $ 75.00) TOTALS: | 104.10 | 7,807.50 | 89.9 | 6,742.50 | |
| 16. Out of Court | a. Interviews and Conferences | 141.00 | | 132.1 | | |
| | b. Obtaining and reviewing records | 148.10 | | 146.5 | | |
| | c. Legal research and brief writing | 139.60 | | 139.1 | | |
| | d. Travel time | 83.20 | | 80.3 | | |
| | e. Investigative and Other work (Specify on additional sheets) | 5.10 | | 19.0 | | |
| | (Rate per hour = $ 55.00) TOTALS: | 517.00 | 28,435.00 | 517.0 | 28,435.00 | |
| 17. | Travel Expenses (lodging, parking, meals, mileage, etc.) | | 640.82 | | 537.49 | |
| 18. | Other Expenses (other than expert, transcripts, etc.) | | 756.47 | | 750.64 | |
| | | | 37,639.79 | | 36,465.63 | |

**19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE**
FROM June 20, 01 TO April 30, 02

**20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION**
Supplement to follow

**21. CASE DISPOSITION**

**22. CLAIM STATUS** [ ] Final Payment  [X] Interim Payment Number ___  [ ] Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? [ ] YES [ ] NO  If yes, were you paid? [ ] YES [ ] NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything of value) from any other source in connection with this representation? [ ] YES [X] NO  If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.

Signature of Attorney: _William M Norris_  Date: September 27, 2002
nunc pro tunc

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR/CERT |
|---|---|---|---|---|

| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE | 28a. JUDGE/MAG. JUDGE CODE |
|---|---|---|
| | | 3C 34 |

| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
|---|---|---|---|---|

| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | DATE | 34a. JUDGE CODE |
|---|---|---|



# CJA 20 APPOINTMENT OF AND AUTHORITY TO PAY COURT APPOINTED COUNSEL

| 1. CIR./DIST./DIV. CODE | 2. PERSON REPRESENTED | | VOUCHER NUMBER |
|---|---|---|---|
| FLS | Hannibal, Penny | | FLS 02 3728-02 |

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|
| | 0:00-006270-005 | | |

| 7. IN CASE/MATTER OF (Case Name) | 8. PAYMENT CATEGORY | 9. TYPE PERSON REPRESENTED | 10. REPRESENTATION TYPE (See Instructions) |
|---|---|---|---|
| U.S. v. Hannibal (Graham) | Felony | Adult Defendant | Criminal Case |

**11. OFFENSE(S) CHARGED** (Cite U.S. Code, Title & Section) If more than one offense, list (up to five) major offenses charged, according to severity of offense.
1) 18 371.F -- CONSPIRACY TO DEFRAUD THE UNITED STATES

**12. ATTORNEY'S NAME** (First Name, M.I., Last Name, including any suffix) AND MAILING ADDRESS
Norris, William M.
7685 SW 104 Street, Ste. 220
Miami FL 33156

Telephone Number: (305) 661-6118

**14. NAME AND MAILING ADDRESS OF LAW FIRM** (only provide per instructions)
William M. Norris, PA
7685 SW 104 Street, Ste. 220
Miami FL 33156

**13. COURT ORDER**
☒ O Appointing Counsel ☐ C Co-Counsel
☐ F Subs For Federal Defender ☒ R Subs For Retained Attorney
☐ P Subs For Panel Attorney ☐ Y Standby Counsel

Prior Attorney's Name: _____
Appointment Date: _____
☐ Because the above-named person represented has testified under oath or has otherwise satisfied this court that he or she (1) is financially unable to employ counsel and (2) does not wish to waive counsel, and because the interests of justice so require, the attorney whose name appears in Item 12 is appointed to represent this person in this case, or
☐ Other (See Instructions)

Signature of Presiding Judicial Officer or By Order of the Court
Date of Order: 7-23-01   Nunc Pro Tunc Date
Repayment or partial repayment ordered from the person represented for this service at time of appointment. ☐ YES ☐ NO

| | CATEGORIES (Attach itemization of services with dates) | HOURS CLAIMED | TOTAL AMOUNT CLAIMED | MATH/TECH ADJUSTED HOURS | MATH/TECH ADJUSTED AMOUNT | ADDITIONAL REVIEW |
|---|---|---|---|---|---|---|
| 15. In Court | a. Arraignment and/or Plea | | | | | |
| | b. Bail and Detention Hearings | | | | | |
| | c. Motion Hearings | | | | | |
| | d. Trial | | | | | |
| | e. Sentencing Hearings | 3.9 | | | | |
| | f. Revocation Hearings | | | | | |
| | g. Appeals Court | | | | | |
| | h. Other (Specify on additional sheets) | | | | | |
| | (Rate per hour = $90) TOTALS: | 3.9 | 351.00 | | 351.00 | |
| 16. Out of Court | a. Interviews and Conferences | 20.3 | | 22.3 | | |
| | b. Obtaining and reviewing records | 15.7 | | 15.7 | | |
| | c. Legal research and brief writing | 38.0 | | 37.9 | | |
| | d. Travel time | 6.7 | | 5.2 | | |
| | e. Investigative and Other work (Specify on additional sheets) | 0 | | | | |
| | (Rate per hour = $90) TOTALS: | 80.9 | 7,281.00 | 81.1 | 7299.00 | |
| 17. | Travel Expenses (lodging, parking, meals, mileage, etc.) | | 36.31 | | 33.94 | |
| 18. | Other Expenses (other than expert, transcripts, etc.) | | 78.06 | | 78.04 | |
| | | | 7,395.37 | | 7761.98 | |

**19. CERTIFICATION OF ATTORNEY/PAYEE FOR THE PERIOD OF SERVICE**
FROM MAY 1, 2002 TO JAN 4, 2003

**20. APPOINTMENT TERMINATION DATE IF OTHER THAN CASE COMPLETION**

**21. CASE DISPOSITION** O9

**22. CLAIM STATUS** ☒ Final Payment ☐ Interim Payment Number ____ ☒ Supplemental Payment
Have you previously applied to the court for compensation and/or reimbursement for this case? ☒ YES ☐ NO If yes, were you paid? ☐ YES ☒ NO
Other than from the court, have you, or to your knowledge has anyone else, received payment (compensation or anything or value) from any other source in connection with this representation? ☐ YES ☒ NO If yes, give details on additional sheets.
I swear or affirm the truth or correctness of the above statements.
Signature of Attorney: /s/ William M Norris   Date: Jan 3, 2003

| 23. IN COURT COMP. | 24. OUT OF COURT COMP. | 25. TRAVEL EXPENSES | 26. OTHER EXPENSES | 27. TOTAL AMT. APPR/CERT |
|---|---|---|---|---|
| | | | | |

| 28. SIGNATURE OF THE PRESIDING JUDICIAL OFFICER | DATE | 28a. JUDGE/MAG. JUDGE CODE |
|---|---|---|
| | | 3C 34 |

| 29. IN COURT COMP. | 30. OUT OF COURT COMP. | 31. TRAVEL EXPENSES | 32. OTHER EXPENSES | 33. TOTAL AMT. APPROVED |
|---|---|---|---|---|
| | | | | |

| 34. SIGNATURE OF CHIEF JUDGE, COURT OF APPEALS (OR DELEGATE) Payment approved in excess of the statutory threshold amount. | DATE | 34a. JUDGE CODE |
|---|---|---|
| | | |